880 P.2d 676

**HAVASU HEIGHTS RANCH AND DEVELOPMENT CORPORATION, Plaintiff–Appellant,**

v.

**DESERT VALLEY WOOD PRODUCTS, INC., an Arizona corporation; State Land Department of the State of Arizona; and Jean Hassell, State Land Commissioner, Defendants–Appellees.**

No. 1 CA–CV 92–0071.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 13, 1994.

Review Denied Sept. 20, 1994.

457

458

Gammage & Burnham by James A. Craft, Phoenix, for plaintiff-appellant.

Grant Woods, Atty. Gen. by Theresa M. Craig, Asst. Atty. Gen., Phoenix, for defendants-appellees.

## OPINION

CONTRERAS, Judge.

Havasu Heights Ranch and Development Corporation ("Havasu Heights") appeals the award of damages on a supersedeas bond to the appellee, the State Land Department ("Department"). After filing an appeal regarding the lease of state land, Havasu Heights secured a stay of the proposed sale of 26 acres of state land. The stay was obtained upon compliance with an order of the superior court that a supersedeas bond be posted.

We hold that selling and administrative expenses as well as advertising costs incurred by the Department during the pendency of the stay were damages reasonably anticipated to flow from the stay. Accordingly, pursuant to Rule 7, Arizona Rules of Civil Appellate Procedure ("A.R.C.A.P."), the Department is entitled to recover as damages those expenses and costs on Havasu Heights' supersedeas bond. We affirm the superior court judgment granting these damages and post-judgment interest to the Department.

## FACTUAL AND PROCEDURAL BACKGROUND

Havasu Heights held a lease on 529.70 acres of trust land near Lake Havasu. The lease expired in 1986, and the Department denied Havasu Heights' application for renewal. Havasu Heights appealed to the superior court. After the superior court upheld the Department's order, Havasu Heights filed an appeal with this court.

While the appeal was pending, Havasu Heights learned that the Department intended to sell 26 of the acres subject to its appeal, and it sought a stay of the sale under Rule 7(a)(1), A.R.C.A.P. The superior court entered the stay to preserve the status quo and ordered the Department not to convey an interest in the land. The court also ordered Havasu Heights to post a supersedeas bond in the amount of $100,000 as protection against possible "costs, interest and any damages reasonably anticipated to flow from the granting of the stay." During the stay period, the Department issued a right-of-way to Lake Havasu City over 5.78 of the 26 acres, for which it charged Lake Havasu City $7,103.

This court affirmed the superior court's decision upholding the denial of the lease renewal. *Havasu Heights Ranch and Development Corp. v. Desert Valley Wood Products, Inc.,* 167 Ariz. 383, 807 P.2d 1119 (1990). Our Supreme Court subsequently denied Havasu Heights' petition for review. The Department then filed in the superior court a Motion for Entry of Judgment on the Mandate, seeking $69,221.41 in damages that resulted from the stay, including $56,150.08 in lost interest from the sale proceeds.

Havasu Heights opposed the motion. It argued that the Department suffered no actual financial loss from the stay, had not mitigated the alleged damages, and had to offset against its claim for lost interest the appreciation in the land's value during the stay period. In reply, the Department withdrew its claim for lost interest from the sale proceeds but continued to seek recovery of advertising costs of $1,431.89[1] and selling and administrative expenses of $9,360.[2] It also sought pre- and post-judgment interest on these costs.

The superior court awarded the Department selling and administrative expenses of $9,360, advertising costs of $1,421.89, and post-judgment interest on both at ten percent per annum until paid in full. Havasu Heights filed a Motion for Reconsideration, but the court denied the motion and entered judgment for the Department in the amount of $11,506.43, plus post-judgment interest of ten percent per year until Havasu Heights paid the judgment in full. Havasu Heights now appeals from that judgment.

### DISCUSSION

■ A supersedeas bond "shall be conditioned for the satisfaction in full of the judgment remaining unsatisfied, together with costs, interest, and any damages reasonably anticipated to flow from the granting of the stay, including damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed." A.R.C.A.P. 7(a)(2). In accordance with that rule, the trial court ordered Havasu Heights to post a bond covering the "costs, interest and any damages reasonably anticipated to flow from the granting of the stay." Since Havasu Heights' appeal from the Department's denial of the lease renewal request was unsuc-

cessful, the Department is entitled to recover any damages or costs reasonably incurred due to the stay of the land sale. *Id.*

The evidence in the record demonstrates that the Department incurred certain selling and administrative expenses and advertising costs in anticipation of the land sale. The record also makes clear that, but for the stay of the sale, the Department would have recouped these expenses from the prospective buyer had the sale been completed. Thus, the imposition of the stay damaged the Department, and it is entitled to recover these damages from the supersedeas bond. *Id.*; *United States Fidelity & Guaranty Co. v. Davis*, 3 Ariz.App. 259, 263, 413 P.2d 590, 594 (1966) (actual damages are such compensation for the injury as would follow from the nature and character of the act and which return the injured party to pre-injury position).

### A. The Department's Entitlement to an Award of Selling and Administrative Expenses

■ Havasu Heights argues that the Department relies on A.R.S. section 37–108(A)(10)(a) as the basis for its claim for selling and administrative expenses. This statute entitles the Department to recover "[t]hree percent of the consideration paid for all lands sold" as a fee for selling and administrative expenses. Havasu Heights argues that because the court stayed the sale and no sale took place, the statutory fee never became payable and the Department cannot seek to recover this fee from Havasu Heights.[3]

Havasu Heights, however, has misinterpreted the Department's position. The Department does not rely on A.R.S. section 37–

1. The Department would have recovered these advertising costs from the proposed buyer of the land. Ariz.Rev.Stat.Ann. ("A.R.S.") § 37–108(A)(10)(d).

2. The Department would have recovered selling and administrative expenses of $9,360 from the buyer under A.R.S. section 37–108(A)(10)(a). That statute allows the Department to recover "[t]hree percent of the consideration paid for all lands sold" as a fee for selling and administrative expenses. The sales notice for the 26 acres set

the sales price at $312,000—three percent of which is $9,360.

3. As further support for this argument, Havasu Heights notes that the Department is not entitled to the statutory fee for such expenses if the Department is the one who cancels the sale. Reply Brief at 3. This argument is irrelevant. The Department is not the one who voluntarily postponed or canceled the sale. Havasu Heights is the one who stayed the sale and who must bear any damages resulting from the stay.

108(A)(10)(a) as the basis for its right to recover the alleged selling and administrative expenses from Havasu Heights. Instead, the Department bases its claim for these expenses on Rule 7, A.R.C.A.P., correctly maintaining that it may recover these expenses on the supersedeas bond as damages if this sum was lost as a result of the stay. Since the Department proved that, but for the imposition of the stay, it would have recovered these expenses from the proposed buyer of the property,[4] it may recover these expenses as damages from the stay.

Although the Department does not rely on A.R.S. section 37–108(A)(10)(a) as the basis for recovering its selling and administrative expenses, it does rely on that statute as the basis for *calculating* those expenses. The statute allows the Department to recover three percent of the sales price of state land as a fee for its selling and administrative expenses. The sale price of the land at issue was $312,000; three percent of that amount is $9,360. Thus, the Department used the fee set forth in A.R.S. section 37–108(A)(10)(a) to *compute* its total selling and administrative expenses[5]—but not to justify its recovery of such expenses from Havasu Heights.

▪ The Department also relies on the statute to establish the reasonableness of the selling and administrative expenses incurred. As the Department asserted in its Reply to Plaintiff's Opposition to Motion for Judgment on the Mandate, it published the sales notice as required by law. A.R.S. § 37–237. Anyone protesting the sale terms had to do so within thirty days of the first date of publica-

tion. A.R.S. § 37–301(A). Havasu Heights did not protest the terms of that notice. Thus, the Department correctly argues that Havasu Heights cannot now object to the reasonableness of the terms of the sale, including the reasonableness of the fee for selling and administrative expenses.

### B. *The Department's Entitlement to an Award of Advertising Expenses*

▪ Havasu Heights does not dispute that the claimed advertising costs were actually incurred by the Department. However, it claims that these costs were incurred by the Department prior to the imposition of the stay. Therefore, it argues that the advertising costs do not constitute damages flowing from the stay.

Regardless of when the Department incurred the advertising costs, the record clearly demonstrates that but for the stay of the sale, the Department would have recovered these costs from the buyer of the property. Since the stay precluded the sale along with the recovery of these costs, the costs constitute damages to the Department flowing from the stay. A.R.C.A.P. 7(a)(2).

### C. *The Department Will Not Receive a Double Recovery*

▪ The Department demonstrated that it will not receive an impermissible double recovery of its costs from a new buyer if it ultimately sells the land. Given the time that has passed since the imposition of the stay, the Department will have to repeat all of the legal requirements for a sale of state

---

4. The Department presented evidence that by the time the stay was imposed, it had secured a definite buyer for the property who would have paid the Department the claimed $9,360 in selling and administrative expenses.

5. Havasu Heights also argues that the Department cannot recover these expenses because it did not demonstrate that it actually incurred them. Although the Department did not submit receipts totalling $9,360 as evidence of its expenses, it did establish that it had incurred such expenses. The Department showed that prior to the imposition of the stay, it had performed all of the legal requirements for a sale of state land and had incurred the costs relating to those requirements.

Moreover, it would be virtually impossible for the Department to provide the type of documentary evidence of these expenses that Havasu Heights seems to expect. A good portion of the selling and administrative expenses pertain to the internal costs that the Department incurred in fulfilling its legal duties inherent to the sale of state land—duties such as reviewing and approving the terms of the proposed sale. Obviously, such costs are not documented by receipts and cannot easily be quantified by the Department. Therefore, the Department's reliance on the statutory fee to calculate such expenses is reasonable. *Atkinson v. Marquart*, 112 Ariz. 304, 306, 541 P.2d 556, 558 (1975) (once the fact of damage is established, proof of the amount may be established with a lesser degree of certainty).

land before it can conduct a sale. *See, e.g.,* A.R.S. § 37–102(G) (requiring appraisal of state land within 180 days prior to its sale). As a result, it will incur a new set of selling and administrative expenses and advertising costs.

In contrast, Havasu Heights has not presented any evidence that the Department can charge a new buyer with both the stay-related expenses and any newly-incurred expenses. Nothing in the pertinent statute supports that argument.[6] See A.R.S. § 37–108(A). Thus, no evidence exists that the Department will receive a double recovery of the awarded costs.

### D. Any Appreciation in the Land's Value Does Not Affect the Award to the Department

Havasu Heights argues that the Department may not recover any damages because an increase in the land's value during the stay period left the Department in as good a financial position as it was in prior to the stay. The relevant test, however, is not whether the Department is in a better or worse financial position because of the stay but rather whether the Department has suffered any damages or costs as a result of the stay. A.R.C.A.P. 7(a)(2). The Department has proved that it would have received payment for its selling and administrative expenses and advertising costs but for the imposition of the stay. Thus, it is entitled to recover those amounts under the supersedeas bond.

While Havasu Heights' "financial position" argument may have had some merit and led to an offset for the appreciation in the land's value if the Department had continued to pursue "loss of sale opportunity" damages, the Department dropped its claim for such damages, including its claim for lost interest from the sale proceeds, at the beginning of this action. Instead, the award to the Department only reimburses it for the out-of-pocket expenses that resulted from the stay. Any appreciation in the land's value during the stay period does not eliminate these expenses or offset the damages suffered by the Department as a result of the stay.

### E. The Award to the Department Does Not Result in Inconsistent Relief

Havasu Heights argues that the judgment makes the Department more than whole and provides internally inconsistent relief because it awards the Department the costs incurred in connection with the stay of the sale without deducting from that award the benefits that the Department received from the stay. It contends that the $7,130 in rent that the Department received for the right-of-way and the appreciation in the land's value during the stay period reduced the Department's damages.

We disagree that the judgment provided inconsistent relief. The lower court was not required to consider the appreciation in the land's value or the rental payment received because the Department did not seek any damages relating to the loss of sale opportunity or loss of the use of the land. It only sought reimbursement of the stay-related expenses that it should have recovered from the buyer. Neither the rental fee nor the appreciation in the land's value offset the out-of-pocket costs incurred by the Department.

### F. Validity of Stay Does Not Preclude Recovery of Damages

Havasu Heights contends that the Department is seeking damages because the stay was improperly enacted by the superior court.[7] Havasu Heights then argues that the

---

6. Further, as the Department noted in its Answering Brief, Havasu Heights' suggestion that a subsequent purchaser bear both sets of expenses unjustly seeks to shift the burden of the supersedeas bond onto an innocent third party.

7. Havasu Heights bases this argument on the Department's reference to the expenses sought as expenses "related to a sale that was erroneously halted." However, in that reference, the Department appears to be alluding to the fact that its judgment was upheld on appeal and that it is now entitled to damages flowing from the stay rather than raising any argument that the stay was erroneously imposed.

stay was properly imposed by the superior court and that the appellate court's decision affirming the superior court's judgment denying renewal of the lease neither rendered the stay erroneous nor entitled the Department to damages resulting from the stay.[8]

We do not find any such argument asserted in the Department's brief. The Department does not base its claim for damages on the propriety or impropriety of the stay. It simply seeks the damages which flowed from the stay's suspension of the sale. Once this court affirmed the superior court's judgment, the Department became entitled to damages without regard to the propriety of the stay. A.R.C.A.P. 7(a)(2).

### CONCLUSION

Selling and administrative expenses as well as advertising costs are damages that flowed reasonably from the granting of Havasu Heights' stay of the sale of 26 acres of state land. Therefore, we affirm the superior court's judgment granting these costs plus interest to the Department.

JACOBSON, P.J., and LANKFORD, J., concur.

---

**8.** This argument indicates a misunderstanding regarding the purpose of a supersedeas bond. Even if a party has a right to a stay of judgment, once the underlying judgment is affirmed on appeal, the party whose actions were stayed has a right to recover any damages or costs which flowed from the enactment of the stay from the party who sought the stay. That is the whole purpose of requiring the party seeking the stay to post a supersedeas bond.