IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KENNETH S. BOBROW,
*Petitioner*,

*v.*

THE HONORABLE MICHAEL HERROD,
Judge of the SUPERIOR COURT OF THE STATE OF ARIZONA,
in and for the County of MARICOPA, *Respondent Judge,*

PAM CASE BOBROW,
*Real Party in Interest.*

No. 1 CA-SA 15-0280
FILED 2-4-2016

Petition for Special Action from the Superior Court in Maricopa County
No.  FN2013-004259
The Honorable Michael J. Herrod, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Fennemore Craig, PC, Phoenix
By Alexander R. Arpad
*Counsel for Petitioner*

Dickinson Wright, PLLC, Phoenix
By Steven D. Wolfson, Anne L. Tiffen
*Counsel for Real Party in Interest*

---

## OPINION

Presiding Judge Patricia A. Orozco delivered the opinion of the Court, in which Judge Maurice Portley and Judge Donn Kessler joined.

---

**O R O Z C O**, Judge:

¶1         Kenneth Bobrow (Husband) seeks special action relief from family court orders requiring that he post a supersedeas bond for $1,303,414 pending his appeal of a decree of dissolution.  For the following reasons, we accept jurisdiction, and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2         This special action arises from the June 2014 decree of dissolution (Decree) between Husband and Pam Case Bobrow (Wife).  The Decree awarded Wife $1,174,072.90, plus interest for her marital interest in a house in Snowmass, Colorado (Snowmass Home), pursuant to the parties' premarital agreement.  The Decree ordered that Husband make a written election[1] to either pay Wife the full amount in a lump sum or follow a ten-year payment plan.  Under the payment plan, Husband would make an initial cash payment of $370,658.90 and execute a ten-year promissory note to Wife for the balance of the amount due, plus interest.  The Decree also awarded Wife $129,341.10 as reimbursement for "ordinary and necessary" living expenses paid by Wife during the parties' marriage.

¶3         Husband filed an appeal and subsequently a Motion to Set Amount of Supersedeas Bond.  He requested that the bond be set in the amount to be reimbursed to Wife for living expenses, plus eighteen monthly payments under the payment plan option, including offsets, for a total of $541,792.40.

¶4         Wife filed a Cross-Motion for Clarification of the Decree regarding whether Husband timely elected the ten-year payment plan or the lump sum option.  Unaware that this issue remained pending, the family court ruled on Husband's Motion to Set Amount of Supersedeas Bond, stating:

---

[1]     The Decree required Husband to make his written election within seven days.

[T]he "total damages" which Rule 7(a),[]Ariz. R. Civ. App. Pro. [c]ontemplates for purposes of setting a Supersedeas Bond is $1,303,414.00. In calculating this amount, the Court uses the total amount Husband would be required to pay under [the lump sum option for the Snowmass Home] and does not determine whether Husband is entitled to any offsets for payments he made which are not addressed in the Decree.[2]

¶5 Subsequently, the family court ruled on the still-pending Cross-Motion for Clarification of the Decree. The court imposed the ten-year payment plan and ordered Husband to pay Wife the initial cash payment of $370,658.90 and to execute a ten-year promissory note for the balance, including interest. In light of that order, Husband filed a Motion to Clarify and Correct Supersedeas Bond Amount. He proposed that the supersedeas bond should be in the amount of $585,125.78.[3] The court denied Husband's proposal, reaffirming the prior bond amount and stating:

[Husband] proposes to bond the $370,658.90 [initial cash payment], and commence paying the monthly payments under the ten year payment plan.

Contrary to [Husband's] argument, the total amount of damages awarded is $1,174,072.90. The purpose of the bond is to protect [Wife] from a change in financial condition of [Husband] pending appeal, and to assure that the total amount of damages will be available if [Husband] does not prevail on appeal. The execution of a promissory note is not the same as providing bond. [Husband's] promise to pay on a monthly basis is not assured by the execution of the note and is not the equivalent of a bond.

. . .

---

[2] The $1,303,414 supersedeas bond is the total value of the Snowmass Home ($1,174,072.90) plus the living expenses awarded to Wife ($129,341.10).

[3] This figure was the initial cash payment of $370,658.90, plus interest, and Wife's $129,341.10 reimbursement for living expenses, plus interest.

IT IS ORDERED affirming the Court's prior order setting the
bond amount.

This special action followed.

## SPECIAL ACTION JURISDICTION

**¶6** Special action jurisdiction is appropriate because this is an
issue of first impression, Husband does not have an equally plain, speedy,
and adequate remedy by appeal and the issue is a challenge to a
supersedeas bond. *See* Ariz. R.P. Spec. Act. 1(a); *City Ctr. Exec. Plaza, LLC
v. Jantzen*, 237 Ariz. 37, 39, ¶ 2 (App. 2015). Therefore, we accept
jurisdiction.

## DISCUSSION

**¶7** "We review the interpretation of statutes and court rules de
novo." *Cranmer v. State*, 204 Ariz. 299, 301, ¶ 8 (App. 2003). We analyze
procedural rules using principles of statutory construction, *id.*, and read
those rules in conjunction with related statutes and harmonize them
whenever possible. *Thielking v. Kirschner*, 176 Ariz. 154, 159 (App. 1993).
"[W]e look to the plain language of the statute or rule as the best indicator
of [the drafters'] intent. . . . If the language is clear and unambiguous, we
give effect to that language and do not employ other methods of statutory
construction." *Fragoso v. Fell*, 210 Ariz. 427, 430, ¶ 7 (App. 2005).

**¶8** Husband agrees that Arizona Revised Statutes (A.R.S.)
section 12-2108.A.1 (West 2015)[4] applies and that the statute requires a bond
based on "the total amount of damages awarded." However, Husband
argues that the family court does not have jurisdiction to adjudicate
damages in a dissolution decree; thus, amounts awarded under the Decree
do not constitute damages and the statute does not set the amount of the
supersedeas bond to be posted in an appeal of a dissolution decree. Instead,
Husband contends that the statute only requires a bond for the amounts he
currently owes under the Decree.

**¶9** Under A.R.S. § 12-2108.A.1, "[i]f a plaintiff in any civil action
obtains a judgment under any legal theory, the amount of the bond that is
necessary to stay execution during the course of all appeals . . . shall be set
as . . . [t]he total amount of damages awarded." The legislative history
explains that for purposes of A.R.S. § 12-2108, "[c]ivil cases can involve . . .

---

[4] We cite the current version of applicable statutes when no revisions
material to this decision have since occurred.

family law issues, such as divorce." S.B. 1212 Fact Sheet, Ariz. 50th Leg., 1st Reg. Sess., at 1 (2011). Therefore, the statute applies in dissolution cases.

¶10 Both A.R.S. § 12-2108.A.1 and Arizona Rule of Civil Appellate Procedure 7(a)(4)(A) state that the bond must be the "total amount of damages awarded." *See* A.R.S. § 12-2108.A.1 (the bond "shall be set as . . . [t]he total amount of damages awarded"); ARCAP 7(a)(4)(A) (the bond "must be . . . [t]he total amount of damages awarded").[5] Because the legislature used the word "damages," we "construe that word according to its 'peculiar and appropriate meaning in the law.'" *City Ctr.*, 237 Ariz. at 41, ¶ 13.

¶11 Damages are defined as compensation for actual injury. *Id.* at 42, ¶14. "[A]ctual damages are such compensation for the injury as would follow from the nature and character of the act and which return the injured party to pre-injury position." *Havasu Heights Ranch and Dev. Corp. v. Desert Valley Wood Prods., Inc.*, 179 Ariz. 456, 459 (1994) (citing *United States Fid. & Guar. Co. v. Davis*, 3 Ariz.App. 259, 263 (App. 1966)).

¶12 Even though awards in divorce proceedings are not typically referred to as "damages," setting the bond in the amount of the full award under the Decree is appropriate for multiple reasons. First, the legislature clearly intended for A.R.S § 12-2108.A.1 to apply to divorce cases, and we "give effect to the legislature's intent." *See In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 10 (App. 2008).

¶13 Second, the spirit and purpose of A.R.S. § 12-2108.A.1 and ARCAP 7(a)(4)(A) are served by setting the amount of the bond in the full amount of the award under the Decree. The purpose of a supersedeas bond is to preserve the status quo pending appeal. *Porter v. Commercial Standard Ins. Co.*, 112 Ariz. 491, 493 (1975). Setting the bond for the full amount of the award under the Decree protects Wife from "the risk that . . . the funds will have been dissipated" during pendency of the appeal. *See Freeman v. Wintroath Pumps-Div. of Worthington Corp.*, 13 Ariz.App. 182, 183 (App. 1970). In addition, the bond "restrain[s] [Wife] and the [trial] court from taking affirmative action to enforce the judgment or decree." *Anderson v. Pickrell*, 115 Ariz. 589, 590 (1977). Therefore, a bond in the full amount of

---

[5] Husband does not invoke the alternative bond amounts found at ARCAP 7(a)(4)(B) or (C), the exceptions found at ARCAP 7(a)(5) or the alternative amounts in A.R.S. § 12-2108.A.2 or 3.

the award under the Decree protects the interests of both parties during the appeal.

¶14 Under A.R.S. § 12-2108.A.1, the trial court shall set the bond as the total amount of damages awarded, excluding punitive damages.[6] Husband contends that if the term "damages" is strictly interpreted, then the bond amount would be zero. Citing *Everson v. Everson*, 24 Ariz.App. 239, 245 (App. 1975), Husband argues "[Wife] should be entitled to a bond for payments she is actually not receiving as a result of the stay during the appeal" or stated differently, Wife is only entitled to the sums due during the pendency of the appeal. We disagree and hold that the appropriate bond amount is not so limited. The full amount of damages awarded to Wife in this case is the total amount of living expenses plus the total amount due to her for the Snowmass Property.

¶15 If Husband's argument were correct and damages were never awarded in divorce proceedings, supersedeas bond amounts in family court proceedings would always be zero. Husband does not request that result here, and such a result would not comport with Arizona case law. *See e.g.*, *Anderson*, 115 Ariz. at 590 (wife in divorce proceeding required to post supersedeas bond to stay judgment execution pending appeal); *Everson*, 24 Ariz.App. at 245 (supersedeas bond posted in divorce proceedings not disturbed on appeal).

¶16 Husband also argues that, because the Decree requires that he make payments under a promissory note over ten years, the full amount of the award under the Decree is not immediately due and he should therefore only have to pay a bond for the "amounts actually due." We disagree because the statute and rule are clear that the bond must be set as "*[t]he total amount* of damages awarded." A.R.S. § 12-2108.A.1 (emphasis added); ARCAP 7(a)(4)(A) (emphasis added); *see also Fragoso*, 210 Ariz. at 430, ¶ 7 ("If the [statutory] language is clear and unambiguous, we give effect to that language and do not employ other methods of statutory construction.").

---

[6] Pursuant to A.R.S. § 12-2108.A, the amount of the bond "shall be set as the lesser of . . . [t]he total amount of damages awarded excluding punitive damages[,] . . . [f]ifty per cent of the appellant's net worth [or] [t]wenty-five million dollars." In addition, A.R.S. § 12-2108.B and C grant the trial court discretion to increase or decrease the amount of the bond upon a showing of clear and convincing evidence.

¶17        Finally, Husband argues that the supersedeas bond reverses the Decree, apparently reasoning that posting a supersedeas bond in the full amount of the award is akin to imposing a lump sum judgment rather than the ten-year payment plan under the Decree. As explained above, the purpose and effect of the supersedeas bond is to maintain the status quo for both parties pending appeal, and therefore the bond does not "substantively accelerate the entire [award]." Furthermore, if Husband is successful on appeal, the bond is returned, leaving him in the same position he was in when the appeal began.

¶18        Wife requests we award her attorney fees, but does not cite a rule or statute as a basis for the award. Therefore, we deny the request. *Bank One, Arizona, N.A. v. Beauvais*, 188 Ariz. 245, 251 (App. 1997). However, Wife is entitled to her costs, upon compliance with ARCAP 21.

## CONCLUSION

¶19        For the foregoing reasons, we accept jurisdiction but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama