NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SAILAJA BOYILLA, *Petitioner/Appellant,*

*v.*

NANDA KISHORE BOYILLA, *Respondent/Appellee.*

No. 1 CA-CV 17-0017 FC
FILED 12-5-2017

Appeal from the Superior Court in Maricopa County
No. FC2015-052551
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED**

COUNSEL

Sailaja Boyilla, Scottsdale
*Petitioner/Appellant*

Berkshire Law Office, PLLC, Phoenix
By Keith Berkshire, Maxwell Mahoney
*Counsel for Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

_____

**W I N T H R O P**, Presiding Judge:

¶1        Sailaja Boyilla ("Wife") appeals the family court's order awarding attorneys' fees to Nanda Kishore Boyilla ("Husband"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        On June 6, 2016, the family court entered a decree of dissolution, and ruled that the parties' marital residence be sold, but allowed Wife to "remain in the residence until August 1, 2016 or until the house sells, whichever occurs first." The court also appointed a real estate commissioner to facilitate the sale of the residence. Mother subsequently moved the court to set a supersedeas bond and temporarily stay enforcement of the judgment to sell the marital residence. The family court denied Wife's motion.

¶3        On September 22, 2016, Husband moved for sanctions and attorneys' fees pursuant to Arizona Revised Statutes ("A.R.S.") section 25-324 based on Wife's failure to vacate the marital residence. Following a show cause hearing on September 27, the court found Wife was in indirect civil contempt for failing to vacate the marital residence on August 1, 2016, and for failing to cooperate with the court-appointed real estate commissioner. The court set September 30 as the new last day to vacate and imposed a monetary sanction for each day Wife remained in the house from September 27 until September 30, 2016. As an additional sanction, the court ordered Wife to reimburse Husband and the real estate commissioner for their attorneys' fees in the contempt proceeding. The court also ordered Wife to pay attorneys' fees Husband incurred in the dispute over the marital residence from June 6, 2016, through September 27, 2016. After considering Husband's fee application, the court entered its final order on November 18, 2016, awarding $4,633.50 in attorneys' fees to Husband. Wife timely appealed from that order.

¶4        The parties' marital residence sold in February 2017, and following the sale, Husband requested the family court release the sale proceeds.  The court granted Husband's request and ordered the proceeds be released, and awarded Husband reasonable attorneys' fees and costs associated with his request.

¶5        We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2016) and 12-2101(A)(1) (2016).

**ANALYSIS**

¶6        Wife filed a notice of appeal from the family court's entry of attorneys' fees in favor of Husband on November 18, 2016; however, on appeal, she raises additional issues, such as the court's denial of her motion to set a supersedeas bond, the finding of indirect civil contempt, and the order to vacate the marital residence.  As discussed below, these additional issues are not properly before us in this appeal from the separate order awarding attorneys' fees.

    I.    *Supersedeas Bond*

¶7        On appeal Wife argues the family court improperly denied her request to set a supersedeas bond that would have allowed her to temporarily stay in the marital residence.  Review of a lower court's ruling on a request for a supersedeas bond should be sought by way of a special action.[1] *City Ctr. Exec. Plaza, LLC v. Jantzen*, 237 Ariz. 37, 39, ¶ 2 (App. 2015), *review denied* (July 30, 2015).  *See also Bobrow v. Herrod*, 239 Ariz. 180, 182, ¶ 6 (App. 2016), *review denied* (July 13, 2016) (finding that challenges to supersedeas bonds should be brought by special action); *accord AOR Direct L.L.C. v. Bustamante*, 240 Ariz. 433, 435, ¶ 2 (App. 2016).  Accordingly, we

---

[1]      For the same reasons, we decline to address Wife's argument that the court erred by finding her in indirect civil contempt.  *See Berry v. Superior Court (Desert Holding & Inv.)*, 163 Ariz. 507, 508 (App. 1989) (finding this court has no subject matter jurisdiction over an appeal from a civil contempt order).  *See also BMO Harris Bank Nat'l Ass'n v. Bluff*, 229 Ariz. 511, 513, ¶ 5 (App. 2012) (finding that a challenge to a civil contempt order should be made by special action); *accord Stoddard v. Donahoe*, 224 Ariz. 152, 154, ¶ 7 (App. 2010).

decline in this appeal to address Wife's argument that the court erred by denying her request for a supersedeas bond.[2]

## II. Release of Proceeds from Sale of Marital Residence

**¶8** Wife argues the family court improperly denied her request to stay release to Husband of the proceeds from the sale of the marital residence. This issue, however, is moot.

**¶9** We generally refrain from deciding issues which will have no "practical effect in settling the rights of litigants." *Kondaur Capital Corp. v. Pinal Cty.*, 235 Ariz. 189, 193, ¶ 8 (App. 2014) (quoting *Progressive Specialty Ins. Co. v. Farmers Ins. Co. of Ariz.*, 143 Ariz. 547, 548 (App. 1985)). We may, however, choose to resolve "issues that have become moot 'if there is either an issue of great public importance or an issue capable of repetition yet evading review.'" *Id.* (quoting *Bank of N.Y. Mellon v. De Meo*, 227 Ariz. 192, 194, ¶ 8 (App. 2011) (citation omitted)). Matters of great public importance are those that have a "broad public impact beyond resolution of the specific case." *Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 6 (App. 2012).

**¶10** On March 29, 2017, the family court denied Wife's request and ordered the title company holding the sale proceeds to immediately distribute the proceeds. Wife could have sought special action relief from that order, but did not. In the meantime, the title company's distribution of the sales proceeds per the family court's order rendered Wife's request to stay moot. Further, nothing in Wife's appeal, nor in the record, suggests that a greater public interest would be served by addressing this issue. To the contrary, Wife's argument stems from the specific facts of this case.[3]

## III. Citation to the Record and Law

**¶11** Husband contends Wife's appeal should be dismissed because her opening brief failed to cite to the record or relevant legal authority, and she failed to provide transcripts of relevant proceedings. *See Melissa W. v. Dep't of Child Safety*, 238 Ariz. 115, 117-18, ¶ 9 (App. 2015) (finding a party may waive an argument on appeal by failing to cite relevant legal authority as required by ARCAP 13(a)(7)). Additionally, Wife was

---

[2]     Further, Wife's request that the court set a supersedeas bond is moot because the marital residence has been sold.

[3]     Further, to the extent Wife appeals the family court's order that she vacate the marital residence, that argument is also moot because Wife has vacated the residence, and the residence has been sold.

obligated to ensure the record on appeal contained all transcripts and documents necessary for this court to consider the issues raised. *See* ARCAP 11(c)(1)(A) (stating appellant is responsible for ordering all relevant transcripts). If a party fails to order relevant transcripts, "we assume the missing portions of the record would support the trial court's findings and conclusions." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003).

¶12 Although Wife's reply brief included some citations to the record, she failed to cite any relevant legal authority in support of her arguments. Wife also did not provide a transcript of the relevant hearings to aid our review of her appeal. Nonetheless, we decline to dismiss the appeal outright due to the lack of transcripts and Wife's failure to cite legal authority, but will address the remaining issues with the presumption that the missing record would support the family court's rulings, and apply waiver where warranted. *See Melissa W.*, 238 Ariz. at 117-18, ¶ 9.

### IV. Family Court's Award of Attorneys' Fees

¶13 We review an award of attorneys' fees under A.R.S. § 25-324 for an abuse of discretion. *Breitbart-Napp v. Napp*, 216 Ariz. 74, 83, ¶ 35 (App. 2007). Under A.R.S. § 25-324 a court must consider "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324 (2017). In Husband's request for attorneys' fees he argued Wife's positions were unreasonable throughout the case and subsequently provided an affidavit detailing the attorneys' fees he incurred. The family court granted Husband's request, and awarded him $4,633.50 in attorneys' fees. Reasonable evidence in the record supports the court's order, and we conclude the court did not abuse its discretion in awarding fees.

### V. Costs and Attorneys' Fees on Appeal

¶14 Husband requests costs and reasonable attorneys' fees on appeal pursuant to A.R.S. § 25-324, contending Wife continues to take unreasonable positions on appeal. Although most of the issues Wife raised on appeal are moot, in the exercise of our discretion we deny Husband's request for attorneys' fees; however, as the successful party on appeal, we award Husband his taxable costs to be determined after compliance with Rule 21, ARCAP.

## CONCLUSION

¶15      The family court's award of attorneys' fees in favor of Husband is affirmed.

