IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

THOMAS JAMES KELLY, *Petitioner*,

*v.*

THE HONORABLE JOHN BLANCHARD, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge,*

LOUISA ADEL MARIE GOINGS, *Real Party in Interest*

No. 1 CA-SA 23-0021
FILED 4-27-2023

---

Petition for Special Action from the Superior Court in Maricopa County
No.  CV2021-016361
The Honorable John L. Blanchard, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

Hill, Hall & DeCiancio, P.L.C., Phoenix
By Joel DeCiancio and Christopher Robbins
*Counsel for Petitioner*

Gage & Mathers Ltd., Phoenix
By Martin H. Mathers and Joseph D'Aguanno
*Co-counsel for Real Party in Interest*

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Co-counsel for Real Party in Interest*

RAJ Law P.L.L.C., Phoenix
By Daniel Rubinov, Rafat H. Abdeljaber
*Counsel for Amicus Curiae Arizona Trial Lawyers Association*

_____

**OPINION**

Judge Michael S. Catlett delivered the opinion of the Court, in which Presiding Judge Paul J. McMurdie and Judge Michael J. Brown joined.

_____

**C A T L E T T**, Judge:

¶1        The Arizona Rules of Civil Procedure permit the superior court to "order a party whose physical or mental condition is in controversy to submit to a physical or mental examination by a physician or psychologist."  Ariz. R. Civ. P. 35(a)(1).  When such an examination—known as an "independent medical examination" or "IME"—occurs, the individual examined "may request the examiner's report, like reports of the same condition, and written or recorded notes from the examination."  Ariz. R. Civ. P. 35(d)(2).  The party who requested the examination then has twenty days to produce, among other items, "like reports of all earlier examinations of the same condition[.]"  Ariz. R. Civ. P. 35(d)(2)(B).

¶2        This special action requires us to interpret the phrase "like reports of all earlier examinations of the same condition" in Rule 35(d)(2)(B).  Real party in interest Louisa Adel Marie Goings ("Goings") argues the phrase refers to "like reports" of the same condition in *any individual the physician or psychologist has examined*.  Petitioner Thomas James Kelly ("Kelly") argues the phrase refers only to "like reports" of the same condition in *the individual who is examined*.

¶3        We hold that "like reports of all earlier examinations of the same condition" refers to "like reports" of the same condition in the individual examined.  We, therefore, accept special action jurisdiction and grant relief.

**FACTS AND PROCEDURAL BACKGROUND**

¶4        Goings sued Kelly following an automobile collision.  During discovery, Kelly requested an order requiring Goings to submit to an IME. Kelly later took the position that, under Rule 35, he (the party requesting the IME) should only be required to produce "like reports" of the same condition about Goings.  Goings objected, arguing that Rule 35 requires Kelly to produce "like reports" of the same condition about any individual the physician conducting the IME has examined.

¶5             The superior court adopted Goings's interpretation.  Thus, in the minute entry setting forth the parameters of the IME, the superior court concluded Goings "is entitled to, and [the examining physician] shall produce 'like reports' of other individuals with the same condition[.]"

¶6             Kelly petitioned for special action relief, asking that we vacate the superior court's minute entry and specify that "like reports of all earlier examinations of the same condition" refers only to reports about the individual examined.

## JURISDICTION

¶7             Special action jurisdiction is both circumscribed and discretionary.  Arizona Rule for Special Action Procedure 3 sets forth those questions, and *only* those questions, that can be raised in a special action.  *See* Ariz. R.P. Spec. Act. 3.  Even when a party raises one of those three questions, special action relief is unavailable "where there is an equally plain, speedy, and adequate remedy by appeal[.]"  Ariz. R.P. Spec. Act. 1(a).  If a party raises one of the three allowable questions, and there is no equally plain, speedy, and adequate remedy by way of appeal, the decision whether to accept jurisdiction nonetheless remains "highly discretionary."  *See King v. Super. Ct.*, 138 Ariz. 147, 149 (1983); State Bar Comm. Notes, Ariz. R.P. Spec. Act. 3.

¶8             Special action jurisdiction is appropriate here.  Kelly asserts the superior court exceeded its authority under Rule 35 when setting the production requirements for his requested IME.  Kelly's petition, therefore, asks whether the superior court "is threatening to proceed . . . in excess of . . . legal authority," one of the three questions properly raised in a special action.  *See* Ariz. R.P. Spec. Act. 3(b).

¶9             Kelly does not have an equally plain, speedy, and adequate remedy by way of appeal.  The superior court's minute entry is not a final order or otherwise appealable.  The minute entry requires the examining physician to produce "like reports" about individuals who are not party to this litigation.  Not only does that requirement potentially implicate non-parties' confidentiality and privilege interests, but once production occurs, it cannot be undone.  At that point, the value of any subsequent appeal becomes nil.  *Cf. Avila v. Super. Ct.*, 169 Ariz. 49, 50 (App. 1991) ("[I]f plaintiff is wrongly compelled to submit to an examination the trial court was not authorized to order, the damage will have been done and cannot be remedied by an appeal."); *Green v. Nygard*, 213 Ariz. 460, 462 ¶ 6 (App. 2006) ("Moreover, a special action is the proper means to seek relief when a party

believes a trial court has ordered disclosure of material protected by a privilege or work product shield."). Kelly also claims the production requirement makes it unlikely that any physician will perform an IME in this case; Goings does not squarely contest that proposition.

**¶10** The issue presented also warrants special action jurisdiction for other reasons. The relief requested requires the resolution of a narrow and purely legal issue involving the interpretation of a court rule. Given the frequency of IMEs in civil litigation, the scope of Rule 35(d)(2)(B)'s production requirement is a recurring matter of statewide importance. Our superior court colleagues have split on the scope of Rule 35's production requirement, but the issue is one of first impression for this Court.[1] Each of these factors militates in favor of special action jurisdiction. *See Vo v. Super. Ct.*, 172 Ariz. 195, 198 (App. 1992) ("[W]here an issue is one of first impression of a purely legal question, is of statewide importance, and is likely to arise again, special action jurisdiction may be warranted."). Thus, we exercise our discretion to accept jurisdiction.

## DISCUSSION

**¶11** We review the interpretation of court rules *de novo*. *Bobrow v. Herrod*, 239 Ariz. 180, 182 ¶ 7 (App. 2016). Like with statutes, interpreting a court rule begins with the text of the rule. *See id.* ("We analyze procedural rules using principles of statutory construction[.]"). Our task is to effectuate the text if it is clear and unambiguous. *See id.* If the text of the rule, when read in context, is unambiguous, our interpretative task ends, and we apply the text as written without resorting to other methods of interpretation. *Olewin v. Nobel Mfg., LLC*, 254 Ariz. 346, ___ ¶ 10 (App. 2023). If, on the other hand, the text of the rule is ambiguous, we utilize other methods to determine the meaning of the text, such as the statute's "subject matter, and historical background; its effects and consequences; and its spirit and purpose." *State v. Gray*, 239 Ariz. 475, 477 ¶ 6 (2016).

**¶12** Rule 35 provides that the superior court may order a party or other individual "whose physical or mental condition is in controversy to submit to a physical or mental examination by a physician or psychologist." Ariz. R. Civ. P. 35(a)(1). The product of the IME is a report that "must be in writing and set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." Ariz. R. Civ. P. 35(d)(1). The

---

[1] Unlike the superior court's interpretation in this case, the superior court in Mohave County previously concluded Rule 35(d)(2)(B) does not require production of reports on other persons.

individual examined, or the person who produces the individual examined, may then request the production of the following three categories of documents: "the examiner's report, like reports of the same condition, and written or recorded notes from the examination." Ariz. R. Civ. P. 35(d)(2). If such a request is made, within 20 days of the later of the examination or the request, the party who requested the examination must deliver responsive documents, including, if requested, "like reports of all earlier examinations of the same condition[.]" Ariz. R. Civ. P. 35(d)(2)(B).

¶13 At oral argument, both parties accepted that Rule 35(d)(2)(B)'s text is ambiguous. We similarly conclude the phrase "like reports of all earlier examinations of the same condition" is ambiguous when it comes to the issue presented because the Rule does not answer the question, like reports about who? When read in context, the phrase "like reports" specifies only that the reports required to be produced under Rule 35(d)(2)(B) are those "like" the "examiner's report" required under Rule 35(d)(2)(A). The Rule does not specify whether the phrase "like reports" refers to like reports about the party examined or like reports about all others with the same condition whom the physician or psychologist has examined. Goings states that "[t]here is no limitation of 'like reports' concerning the one person to be examined," and takes that silence as support for her interpretation. We conclude that silence creates ambiguity and makes both parties' dueling interpretations plausible. We, thus, utilize secondary interpretive tools to resolve the interpretive quandary. *See Fann v. State*, 251 Ariz. 425, 435 ¶ 27 (2021) ("Because there are two plausible interpretations of the term [at issue], we consider secondary means of interpretation.").

¶14 Kelly's interpretation (i.e., "like reports" refers to those about the individual examined) is most consistent with surrounding text. Rule 35(d)(2) provides that, upon request, the party who requested an IME must produce the examiner's report, like reports of all earlier examinations of the same condition, and all written or recorded notes made by the examiner and examinee at the time of the examination. Under the *noscitur a sociis* canon, "the meaning of an unclear word or phrase should be determined by the words immediately surrounding it[.]" *Id.* at ¶ 29. The phrase at issue is nestled between two phrases—"the examiner's report" and "all written notes made . . . at the time of the examination"—both of which refer to documents containing information about the individual examined. This suggests the phrase "like reports of all earlier examinations" similarly refers to documents containing information about the individual examined and not all other individuals the examiner previously saw.

¶15          Text in a neighboring subsection also supports Kelly's interpretation.  Rule 35(d)(3) uses language nearly identical to (d)(2), requiring *the party who was examined* to produce "like reports of all earlier or later examinations of the same condition."  Because Rule 35(d)(3) is entirely focused on the individual examined in an IME, the phrase "like reports of all earlier examinations" therein refers to "like reports of all earlier . . . examinations of the same condition" *in the examinee*.  Like with statutes, identical words used in different parts of the same rule are intended to have the same meaning.  *See Obregon v. Indus. Comm'n*, 217 Ariz. 612, 616 ¶ 21 (App. 2008) ("It is a 'normal rule of statutory construction' that 'identical words used in different parts of the same Act are intended to have the same meaning.'" (quoting *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 570 (1995))).  It would have been odd for the drafters of Rule 35 to use nearly identical text in one manner in Rule 35(d)(2) and in a completely different manner right next door in Rule 35(d)(3).  Lacking any contextual indication that the drafters intended that situation, we ascribe identical meaning to the nearly identical phrases used in Rule 35(d)(2) and (d)(3).

¶16          Tellingly, the text of Rule 35(d)(2) places the burden of producing "like reports" on "the party who moved for or noticed the examination."  If the text of Rule 35 had placed that burden, instead, on the examining physician or psychologist, Goings's interpretation would make more sense.  But the text does not do so.  Instead, placing the production requirement on the requesting party, as Rule 35 does, supports Kelly's interpretation.  One can imagine circumstances, even if rare, where a requesting party will possess prior "like reports" about an individual examined.  For example, the requesting party might obtain "like reports" through third-party discovery or through a pre-existing relationship with the individual examined.  The insurer/insured, doctor/patient, lawyer/client, and employer/employee relationship, among others, could result in a requesting party obtaining "like reports" about the individual examined.  It is harder, if not impossible, to imagine examples where a requesting party would possess "like reports" about all other persons who a court-appointed physician or psychologist previously examined.  Only the appointed medical professional would be likely to possess all "like reports" about prior patients, but that is not who Rule 35 requires to make production.

¶17          The federal counterpart to Arizona Rule 35 uses identical text—the party requesting an IME is required, when asked, to disclose "like reports of all earlier examinations of the same condition."  Fed. R. Civ. P. 35(b)(1).  Federal Rule 35's drafting history and the purpose for including that text further support our conclusion.  The Advisory Committee Notes

to Federal Rule 35 explain that the U.S. Supreme Court added the text at issue to Federal Rule 35(b)(1) in 1970 to "correct an imbalance in Rule 35(b)(1) as heretofore written." Before 1970, Federal Rule 35 required the party examined to provide "reports of all examinations of the same condition previously or later made," but the Rule did not require the party requesting an examination to produce any prior reports. Fed. R. Civ. P. 35 Advisory Comm. Notes. According to the Advisory Committee, the 1970 "amendment cures this defect." *Id.*

¶18 The Advisory Committee Notes do not expressly clarify whether the new language added to Federal Rule 35 in 1970 was intended to cover like reports about the individual examined or all other individuals previously examined.[2] But the Notes' explanation regarding the purpose for that language is still instructive. Interpreting Arizona Rule 35 to require the party requesting an examination to provide prior reports about the individual examined is most consonant with the stated purpose for adding the text to Federal Rule 35—"correct[ing] an imbalance" in access to information. *Id.* Requiring a party requesting an IME to produce "like reports" about the individual examined while similarly requiring the individual examined to produce "like reports" about herself achieves equilibrium. Requiring a requesting party to, instead, produce "like reports" about any individual with the same condition who a court-appointed examiner has ever examined pushes the pendulum too far in the opposite direction, thereby replacing one imbalance with another. *Cf. CSX Transp., Inc. v. Ryan*, 192 S.W.3d 345, 349 (Ky. 2006) ("We believe such an interpretation of [Kentucky Civil Rule] 35.02(1) is reasonable because it is consistent with the purpose assigned to [Rule] 35.01 to maintain a level playing field between the parties.").

¶19 Arizona Rule of Civil Procedure 1 instructs that the Rules "should be construed . . . by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Adopting Goings's interpretation of "like reports" would almost certainly generate additional, potentially costly, litigation. How similar does a prior condition in another individual need to be to qualify as the "same condition" in the individual examined? How far can or must the party who requested an

---

[2] The Advisory Committee Notes discussing the 1970 amendments to Federal Rule 35(b)(1) cite La. Stat. Ann. Civ. P. art. 1495 (1960) and Utah R. Civ. P. 35(c). In 1970, while both the Louisiana and Utah rules imposed a disclosure obligation on the requesting party, neither unambiguously required production of reports about other examinees. Thus, neither rule is germane to the issue we confront.

IME or the superior court go to protect confidential or privileged information about other individuals who are not party to the lawsuit?[3] How far must a requesting party go to ensure an independent medical examiner retains, reviews, and produces "like reports" stemming from prior IMEs? These questions—and a host of others—could need answering. *See Cheff v. Am. States Preferred Ins. Co.*, 2023 WL 2330252, \*4 (D. Mont. March 2, 2023) ("Plaintiffs' interpretation of [Federal] Rule 35(b) presents a multitude of individual privacy concerns, as well as inevitable conflicts with doctors' professional obligations to protect their patients' confidential healthcare information."). None of this is to suggest that Kelly's interpretation resolves all unanswered questions. On balance, though, that interpretation is most consistent with Rule 1's instruction.

¶20 Goings relies on an unpublished decision from a federal trial court in Colorado adopting an interpretation of Federal Rule 35 like the superior court's interpretation of Arizona Rule 35. *See Bryant v. Dillon Real Est. Co.*, 2019 WL 3935174, \*4 (D. Colo. Aug. 20, 2019). *Bryant* conflicts with unpublished federal trial court decisions both before and after it was issued. *See Cheff*, 2023 WL 2330252 at \*5 ("[A] reasonable interpretation of the plain language of Rule 35(b) in context with the rule's other provisions and the advisory committee notes does not justify plaintiffs receiving examination reports of other individuals, completely unrelated to the pending litigation[.]"); *Howard v. Wal-Mart Stores East, LP*, 2014 WL 11955394, \*1 (N.D. Ga. Feb. 10, 2014) ("The court interprets [Rule 35(b)(1)] as requiring the defendant to deliver to the plaintiff only like reports of all earlier examinations of the plaintiff regarding the same condition to which the defendant may have access.").

¶21 In any event, *Bryant* relies primarily on a comment in the federal Advisory Committee Notes explaining that Federal Rule 35(b)(1) was amended in 1970 partly to reflect "changes required by the broadening of Rule 35(a) to take in persons who are not parties." *See Bryant*, 2019 WL 3935174 at \*4. *Bryant* misreads that comment, which refers to language added to the end of Federal Rule 35(b)(1) to reflect that trial courts were given authority in Rule 35(a) to order an examination of a non-party in the custody or control of a party. *See* Fed. R. Civ. P. 35(a) and Advisory Comm. Notes. The comment does not refer to the "like reports" language added to Rule 35(b)(1). *See Cheff*, 2023 WL 2330252 at \*4 ("There is nothing in the

---

[3] Rule 35(d)(4) provides the person examined waives any privilege "[b]y requesting and obtaining the examiner's report, or by deposing the examiner. . . ." But that waiver applies only "in that action or any other action involving the same controversy. . . ." Ariz. R. Civ. P. 35(d)(4).

advisory committee notes to imply the rule should be extended to unrelated non-parties who have previously been treated by the same physician for the same condition."). This misapprehension undercuts *Bryant*'s primary reasoning and thus its persuasive value. We hold that "like reports of all earlier examinations of the same condition" refers only to reports about the individual examined.[4]

**CONCLUSION**

**¶22** We accept special action jurisdiction, grant relief by vacating in part the superior court's minute entry, and remand for further proceedings consistent herewith.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[4] Rule 35(d)(6) provides that "[t]his rule does not preclude a party from obtaining an examiner's report, or deposing an examiner, under other rules." Similarly, nothing in this opinion is intended to preclude a party from seeking additional reports under other discovery rules or to suggest appropriate limitations on third-party discovery involving expert witnesses.