IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

FRANK D. KRESOCK, JR.; RICHARD W. HUNDLEY and law firm of
BERENS, KOZUB, KLOBERDANZ & BLONSTEIN, P.L.C.,
*Petitioners*,

*v.*

THE HONORABLE MICHAEL GORDON, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA,
*Respondent Judge,*

ROSEMARY DePAOLI; GREGORY MEELL; ABRAM, MEELL &
CANDIOTO, P.A., an Arizona professional corporation,
*Real Parties in Interest.*

No. 1 CA-SA 16-0026
FILED 3-17-2016

Petition for Special Action from the Superior Court in Maricopa County
CV2013-055126
The Honorable Michael D. Gordon, Judge
The Honorable John R. Hannah Jr., Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Berens, Kozub, Kloberdanz & Blonstein, PLC, Phoenix
By Richard W. Hundley
*Counsel for Petitioner*

Burch & Cracchiolo, P.A., Phoenix
By Daniel R. Malinski
*Counsel for Real Parties in Interest*

---

## OPINION

Judge Samuel A. Thumma delivered the Opinion of the Court, in which Presiding Judge Kent E. Cattani and Judge Diane M. Johnsen joined.

---

**T H U M M A**, Judge:

**¶1**      Accepting jurisdiction in this special action, this court grants relief because attorneys' fees imposed as sanctions pursuant to Arizona Revised Statutes (A.R.S.) section 12-349 (2016)[1] and Ariz. R. Civ. P. 11 are not "damages awarded" for purposes of calculating a supersedeas bond pursuant to A.R.S. § 12-2108(A) and Ariz. R. Civ. App. P. 7(a)(4)(A).

### FACTS AND PROCEDURAL HISTORY

**¶2**      The superior court dismissed on motion Petitioner Frank D. Kresock Jr.'s civil claims against the Real Parties in Interest Rosemary DePaoli, Gregory J. and Jane Doe Meell, and Abram, Meell & Candioto, P.A. As sanctions pursuant to A.R.S. § 12-349 and Ariz. R. Civ. P. 11, the judgment awarded attorneys' fees to the Real Parties and against Kresock, his attorney Petitioner Richard W. Hundley and Hundley's law firm Petitioner Berens, Kozub, Kloberdanz and Blonstein, P.L.C. Petitioners' appeal from that judgment is pending before this court.

**¶3**      Petitioners unsuccessfully asked the superior court to stay enforcement of the judgment, claiming no supersedeas bond was required because the judgment awarded no damages. The same day the superior court denied that requested stay, Petitioners sought a similar stay from this court in the appeal. This court denied that motion without prejudice to Petitioners filing a special action. This is that special action.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## DISCUSSION

**¶4**        Given the nature of a supersedeas bond, and the unique procedural background of this case, exercising special action jurisdiction is appropriate. *See* Ariz. R.P. Spec. Act. 1(a); *see also City Ctr. Exec. Plaza, LLC, v. Jantzen*, 237 Ariz. 37, 39 ¶ 2 (App. 2015) (citing cases). Accordingly, this court accepts special action jurisdiction.

**¶5**        The relevant portion of the supersedeas bond statute provides:

> If a plaintiff in any civil action obtains a judgment under any legal theory, the amount of the bond that is necessary to stay execution during the course of all appeals or discretionary reviews of that judgment by any appellate court shall be set as *the lesser of* the following:
>
> 1.        The total *amount of damages awarded excluding punitive damages.*
>
> 2.        Fifty per cent of the appellant's net worth.
>
> 3.        Twenty-five million dollars.

A.R.S. § 12-2108(A) (emphasis added); *accord* Ariz. R. Civ. App. P. 7(a)(4)(A) (similar). *Jantzen* held that attorneys' fees awarded pursuant to A.R.S. § 12-341.01 are not "damages" for purposes of setting a supersedeas bond under A.R.S. § 12-2108(A)(1) (enacted in 2011) and Ariz. R. Civ. App. P. 7(a)(4)(A) (promulgated in 2012). 237 Ariz. at 42 ¶ 13. *Jantzen* has been applied or construed in other contexts. *See Bobrow v. Superior Court*, ___ Ariz. ___, ___ ¶¶ 2, 10, 12, 2016 WL 425193 at *1-*3 (App. Feb. 4, 2016) (applying *Jantzen* in denying, on special action review, relief from order requiring supersedeas bond in full amount of family court decree awarding one spouse living expenses and value of a house); *Wells Fargo Bank N.A. v. Superior Court*, ___ Ariz. ___, ___ ¶¶ 11-18, 2016 WL 337457 at *3-*5 (App. Jan. 28, 2016) (discussing *Jantzen* in construing Ariz. R. Civ. App. P. 7(a)(2), which authorizes superior court to "enter any further order, in lieu of or in addition to the [supersedeas] bond, which may be appropriate to preserve the status quo or the effectiveness of the judgment").[2] No decision has applied *Jantzen* in considering whether attorneys' fees imposed as sanctions

---

[2] No such "further order in lieu of" a supersedeas bond is at issue here.

are "damages" for purposes of setting a supersedeas bond under A.R.S. § 12-2108(A)(1).

¶6        Although both parties agree the supersedeas bond statute applies, they argue it directs diametrically different results. Petitioners argue attorneys' fees imposed as sanctions are not "damages" under the supersedeas bond statute "according to [the] 'peculiar and appropriate meaning'" the term "damages" has "in the law." *Jantzen*, 237 Ariz. at 41 ¶ 13 (citing authority). Accordingly, Petitioners argue, because "[n]o damages were awarded" to the Real Parties, "no actual supersedeas bond is required" to stay enforcement of the judgment. The Real Parties counter that attorneys' fees imposed as sanctions are "damages," relying on cases cited in *Jantzen*, a law review article, cases construing Fed. R. Civ. P. 11 and Ariz. R. Civ. P. 11, and A.R.S. § 12-349. The authorities the Real Parties cite, however, either do not support their argument, or support Petitioners' argument.

¶7        *Jantzen* stated:

> In Arizona, courts generally do not construe "damages" to include attorneys' fees. We see no reason to diverge from the general rule here. This is not a case where attorneys' fees are a legal consequence of an original wrongful act or any of the other situations where attorneys' fees can be considered damages. *See Desert Mountain Prop. Ltd. P'ship v. Liberty Mut. Fire Ins. Co.*, 225 Ariz. 194, 209 ¶ 61 . . . (App. 2010) ("[W]hen one party's breach of contract places the other in a situation that makes it necessary to incur expenses to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages.").

237 Ariz. at 41-42 ¶ 13 (citations omitted). The Real Parties argue that attorneys' fees imposed as sanctions are akin to the fees sought in *Desert Mountain*, meaning they are damages for purposes of the supersedeas bond statute.

¶8    For certain types of substantive claims, attorneys' fees may be recovered as a component of damages. *See Jantzen*, 237 Ariz. at 42 ¶ 13 (citing and distinguishing authority); *Desert Mountain*, 225 Ariz. at 209 ¶ 61 (citing cases); *see also* State Bar of Arizona, Arizona Attorneys' Fees Manual §§ 7.1-7.5 (5th ed. Supp. 2014) (listing examples of claims where attorneys' fees are damages, including "tort of another;" wrongful repudiation of insurance coverage; and fees caused by wrongful injunction, attachment, garnishment or execution). No such claim is present here. The attorneys' fees awarded were not incurred as a result of "one party's breach of contract," in a damages award made by a finder of fact or in a damages award in an order resolving a dispositive motion. As in *Jantzen*, the attorneys' fees imposed here were not "a legal consequence of an original wrongful act or any of the other situations where attorneys' fees can be considered damages." 237 Ariz. at 42 ¶ 13 (citing *Desert Mountain*). Accordingly, the cases relied upon by the Real Parties that *Jantzen* distinguished are just as distinguishable here.

¶9    The Real Parties argue that Ariz. R. Civ. P. 11 sanctions are meant to be remedial, citing a 1986 law review article discussing competing rationales for sanctions available under then-recent changes to Fed. R. Civ. P. 11:

> Rule 11 sanctions can be imposed on the lawyer, the client, or both. The sanctions are viewed by some as primarily compensatory and by others as primarily punitive; the tension between these two views cannot be completely reconciled. On the one hand, sanctions are a form of cost-shifting, compensating a party for expenses incurred because of an opponent's unnecessary, wasteful, or abusive conduct. On the other hand, they are a form of punishment, imposed only on those who violate the rule. Whatever the rationale for imposing sanctions, their frequent use is likely to be a significant deterrent.

Melissa L. Nelken, *Sanctions Under Amended Federal Rule 11 - Some "Chilling" Problems in the Struggle Between Compensation and Punishment*, 74 Geo. L.J. 1313, 1314 (1986). Although the Real Parties rely on the portion of the quote indicating sanctions are a form of cost shifting, the same can be said for fee shifting under A.R.S. § 12-341.01. *Jantzen*, however, held that fees awarded under A.R.S. § 12-341.01 were not "damages" under the supersedeas bond

statute. And the alternative basis for awarding sanctions listed in the quote -- that they are a form of punishment -- clearly takes such awards outside of the supersedeas bond statute, which expressly excludes "punitive damages" when calculating the amount of a bond. A.R.S. § 12-2108(A)(1). More broadly, this law review article does not address whether fees imposed as Fed. R. Civ. P. 11 sanctions are damages for purposes of a supersedeas bond statute. Nor have the Real Parties cited any case construing Fed. R. Civ. P. 11 or Ariz. R. Civ. P. 11 that supports such a proposition.

**¶10**        Finally, the primary basis for the sanctions imposed here was A.R.S. § 12-349.[3] When applicable, that statute provides that a court "shall assess" as sanctions "reasonable attorney[s'] fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party." A.R.S. § 12-349(A). Thus, this statute differentiates between "attorney[s'] fees" (which were imposed as sanctions here) and "damages" (which were not). Given this dichotomy, it is impossible to read the term "damages awarded" in A.R.S. § 12-2108(A) to conclude a supersedeas bond must include both "attorney[s'] fees . . . and . . . damages" in A.R.S. § 12-349(A). *See, e.g., State ex rel. Montgomery v. Harris*, 234 Ariz. 343, 344 ¶ 8 (2014) ("'[T]he best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction.'") (quoting *State v. Hansen*, 215 Ariz. 287, 289 ¶ 7 (2007)); *Bilke v. State*, 206 Ariz. 462, 464 ¶ 11 (2003) ("The court must give effect to each word of the statute."); *P.F. West, Inc. v. Superior Court,* 139 Ariz. 31, 34 (App. 1984) (stating different statutory terms or phrases are not treated as synonymous unless context permits no other meaning).

---

[3] It is at least arguable that A.R.S. § 12-349 is the sole basis for the sanctions, given the superior court's observation that the statutory sanction "is a reasonable sanction for the Rule 11 violation." In any event, there is no showing that Ariz. R. Civ. P. 11 provides an adequate, independent basis for the sanctions imposed, let alone that the outcome in determining damages under the supersedeas bond statute would differ if such a showing had been made.

## CONCLUSION

¶11        This court accepts special action jurisdiction and grants relief by ordering that the award of attorneys' fees as sanctions pursuant to A.R.S. § 12-349 and Ariz. R. Civ. P. 11 are not "damages awarded" for purposes of calculating a supersedeas bond pursuant to A.R.S. § 12-2108(A) and Ariz. R. Civ. App. P. 7(a)(4)(A). Given this conclusion, the Real Parties' request for costs and attorneys' fees incurred in this special action is denied.

