IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

AOR DIRECT L.L.C., an Arizona limited liability company, *Petitioner*,

*v.*

THE HONORABLE LORI HORN BUSTAMANTE, Judge of the
SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County
of MARICOPA, *Respondent Judge,*

BUTEO L.L.C., an Arizona limited liability company; SCOTT G. MILLER
and JENNIFER MILLER, husband and wife, *Real Parties in Interest.*

No. 1 CA-SA 16-0125
FILED 8-4-2016

---

Petition for Special Action from the Superior Court in Maricopa County
No. CV 2013-008508
The Honorable Lori Horn Bustamante, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

Quarles & Brady LLP, Phoenix
By Isaac M. Gabriel
*Counsel for Petitioner*

Fennemore Craig, P.C., Phoenix
By Gerald L. Shelley, Alexander R. Arpad, Todd Kartchner, Courtney R.
Beller
*Counsel for Real Parties in Interest*

_____

**OPINION**

Judge Randall M. Howe delivered the opinion of the Court, in which Presiding Judge Andrew W. Gould and Judge Kent E. Cattani joined.

_____

**H O W E**, Judge:

¶1         AOR Direct, LLC seeks special action relief from the trial court's setting the amount of the supersedeas bond that Buteo, LLC and Scott and Jennifer Miller (collectively, "Buteo") must post at less than half of the total damages awarded to AOR. AOR argues that A.R.S. § 12–2108 and Arizona Rule of Civil Appellate Procedure 7 mandate that the supersedeas bond amount be set as $614,687.07, the total amount of damages awarded to AOR, the prevailing party.

¶2         We accept special action jurisdiction because AOR challenges the setting of a supersedeas bond, *see City Ctr. Exec. Plaza, LLC v. Jantzen*, 237 Ariz. 37, 39 ¶ 2, 344 P.3d 339, 341 (App. 2015), and has "no equally plain, speedy and adequate remedy by appeal," Ariz. R. P. Spec. Act. 1(a). Because the trial court erroneously set the supersedeas bond at the total amount of damages awarded, less the amount of a prejudgment provisional remedy bond previously released to AOR and an attorneys' fees award from a separate action, we grant relief to AOR and vacate the court's order. We remand the matter for the trial court to set the supersedeas bond at $614,687.07, the total amount of damages awarded to AOR.

**FACTS AND PROCEDURAL HISTORY**

¶3         In January 2012, AOR lent Buteo $400,000. Buteo signed a promissory note for the loan and Scott Miller signed the guaranty, both promising to repay AOR the money at 8% interest per year, but if Buteo were to default, the interest would rise to 17% per year. The note matured on December 15, 2012, and stated that the "amount of each payment received shall be applied by [AOR] first to any costs and expenses of [AOR] for which [Buteo] is responsible hereunder, and thereafter to pay interest hereunder, in arrears, and thereafter to unpaid principal hereunder." The note further stated that "[Buteo] shall pay all costs and expenses, including attorneys' fees and court costs incurred in the collection or enforcement of all or part of this Convertible Note."

¶4          In 2013, AOR sued Buteo for breach of the note and breach of the guaranty and applied for a prejudgment provisional remedy in the form of a writ of attachment for Buteo's personal property ("2013 case"). AOR alleged that Buteo defaulted on its obligations under the note by failing to make timely payments and to pay all amounts due upon maturity. As relief, AOR requested judgment in the principal sum of $400,000, accrued and accruing interest and late fees, any other costs, and attorneys' fees pursuant to the loan documents and A.R.S. § 12–341.01.

¶5          After an evidentiary hearing, the trial court granted AOR's application for a prejudgment provisional remedy. The court ordered that a writ would attach to all of Buteo's personal property and all amounts due to or payable to Buteo on account of his ownership interest in any entity, unless Buteo agreed to post a $200,000 bond as security for "any judgment" that AOR obtained. Buteo agreed to post the $200,000 bond, and the court ordered that the provisional remedy bond "remain in place through . . . judgment of this matter or upon further order of the Court."

¶6          Buteo filed a counterclaim, and in July, AOR moved for summary judgment on its two breach of contract claims. The trial court granted summary judgment in October, but declined to certify the judgment under Arizona Rule of Civil Procedure 54(c) because of the pending counterclaim. *See* Ariz. R. Civ. P. 54(c) ("A judgment shall not be final unless the court states that no further matters remain pending and that the judgment is entered pursuant to Rule 54(c).").

¶7          After intervening litigation and almost two years later in December 2014, AOR brought another action against Buteo, requesting that the trial court appoint a receiver to manage the company and dissolve Buteo's limited-liability-company status ("2014 case"). In September 2015, the trial court dismissed Buteo's counterclaim and entered a final judgment in AOR's favor in the 2013 case. The court awarded AOR $614,687.07 in damages, consisting of $400,000 in principal and $214,687.07 in accrued interest; $224,840 in attorneys' fees; and $5,890.91 in taxable costs. It also awarded AOR post-judgment interest. The court ordered that the $200,000 provisional remedy bond "be released immediately to AOR" "to be applied against the Judgment amounts stated herein." In the same judgment, the court also dismissed the 2014 case with prejudice.

¶8          The court subsequently amended its previous final judgment removing its order dismissing the 2014 case and issued another final judgment in the 2014 case in Buteo's favor. The court awarded Buteo

$116,627.21 in attorneys' fees, $394.08 in taxable costs, and $5,000 as a sanction against AOR under A.R.S. § 12–349.

¶9 AOR timely appealed the court's ruling in the 2014 case and moved to set a supersedeas bond to stay enforcement of the judgment. AOR argued that the court should set the bond at $1.00 because Buteo was awarded no damages in the 2014 case and attorneys' fees are not included in calculating damages as the basis for setting the bond. Buteo agreed that attorneys' fees are not included in calculating damages. The court granted AOR's motion, and in December, AOR posted a $1.00 bond to stay enforcement of the judgment in the 2014 case.

¶10 After timely appealing the trial court's judgment in the 2013 case, Buteo moved to set the supersedeas bond to stay enforcement of the judgment in that case. Buteo argued that the bond should be set at $291,665.78, which was the $614,687.07 full amount of damages awarded to AOR, less the $200,000 provisional remedy bond previously released to AOR, and less the $123,021.29 attorneys' fees, costs, and sanction awarded to Buteo in the 2014 case. AOR disagreed, arguing that the supersedeas bond should be set at $645,417.98, the full amount of damages awarded in the 2013 case and which consisted of the principal, interest, and unpaid attorneys' fees and costs at the time of the judgment. AOR contended that the court should not consider the $200,000 provisional remedy bond because, pursuant to the parties' agreement and the court's final judgment in the 2013 case, AOR applied the bond amount to its attorneys' fees award once it received the money. AOR also argued that, at minimum, the supersedeas bond should be set at $614,687.07, an amount sufficient to cover the principal and interest due.

¶11 After briefing and "for the reasons set forth in [Buteo's] Motion and Reply," the trial court granted Buteo's motion to set the supersedeas bond at $291,665.78. AOR moved for reconsideration, but the court denied the motion. This petition for special action followed.

**DISCUSSION**

¶12 AOR argues that the trial court erred in setting the supersedeas bond at $291,665.78 because A.R.S. § 12–2108 and Arizona Rule of Civil Appellate Procedure 7 mandate that the amount be set at $614,687.07, the total amount of damages awarded to AOR. Although AOR previously requested $645,417.98, which consists of the principal, interest, and unpaid attorneys' fees and costs, it now limits its request to $614,687.07, which excludes the unpaid attorneys' fees and costs. We review de novo

the interpretation of a statute. *Bobrow v. Herrod*, 239 Ariz. 180, 182 ¶ 7, 367 P.3d 84, 86 (App. 2016). Because the trial court erred in reducing the total amount of damages awarded by the prejudgment provisional remedy bond and attorneys' fees awarded in the 2014 case, we grant relief and remand the matter for the court to set the supersedeas bond at $614,687.07, the total amount of damages awarded to AOR in the 2013 case.

**¶13** Section 12–2108, and Rule 7's language tracking the statute, provides that "[i]f a plaintiff in any civil action obtains a judgment . . . , the amount of the bond that is necessary to stay execution . . . of that judgment . . . shall be set as the lesser" of the following: (1) the total amount of damages awarded, excluding punitive damages; (2) 50% of appellant's net worth; or (3) $25 million ("the presumed amounts"). A.R.S. § 12–2108(A); Ariz. R. Civ. App. P. 7(a)(4). "Damages" are "compensation for actual injury." *City Ctr.*, 237 Ariz. at 42 ¶ 14, 344 P.3d at 344. "[A]ctual damages and compensatory damages are generally treated as synonymous, being defined as damages given as an equivalent for the injury done, or damages awarded to a person as compensation, indemnity, or restitution for harm sustained by him." *Id.* (internal quotation marks and citation omitted).

**¶14** Here, comparing the presumed amounts in A.R.S. § 12–2108(A), the supersedeas bond should be set at the smallest value, $614,687.07, the total amount of damages awarded to AOR. Looking only at the judgment for the 2013 case, AOR's "total amount of damages awarded" include $400,000 in principal and $214,687.07 in interest— although the "full amount of the judgment" is $845,417.98, comprising the principal, interest, attorneys' fees, and taxable costs. *See* A.R.S. § 12–2108(A); Ariz. R. Civ. App. P. 7(a)(4).

**¶15** The trial court erred in reducing the damages amount with the $200,000 prejudgment provisional remedy bond. The facts here show that the trial court did not consider the $200,000 bond as "other security" as Rule 7 contemplates and further that the bond was a prejudgment provisional remedy to be applied towards any judgment that AOR obtained. Rule 7 permits the trial court to consider "other security for the judgment" in determining the amount of a supersedeas bond, Ariz. R. Civ. App. P. 7(a)(5)(C), and a bond pending judgment would generally be considered "other security" as Rule 7 contemplates. But nothing in the record shows that the court considered this provisional remedy bond as "other security" or that Buteo requested the court to consider this bond as "other security" under Rule 7. Instead, the record shows that the court set the supersedeas bond at $214,665.78 by first determining the full amount of damages awarded and then subtracting the provisional remedy bond

previously released to AOR and the attorneys' fees awarded to Buteo in the 2014 case.

¶16 Moreover, the facts here indicate that the parties agreed that the $200,000 bond was a "provisional remedy" to be applied against "any judgment" AOR obtained and further that the bond was applied accordingly to part of AOR's judgment. The record shows that the parties agreed that the bond would act as security for any judgment AOR obtained and that if Buteo made a payment to AOR, the payment "shall be applied" "first to any cost and expenses," then to "pay interest," and then finally "to principal." "Cost and expenses" include costs and fees AOR incurred as a result of enforcing the note. The record shows that once Buteo released the bond to AOR as the trial court ordered in its final judgment in the 2013 case, AOR applied the money to its attorneys' fees award. Consequently, because the record shows that the trial court did not consider the bond as "other security" and the facts of this case indicate that AOR applied the money to its attorneys' fees award as the parties agreed and the court ordered, the court erred in reducing the supersedeas bond by the prejudgment provisional remedy bond.

¶17 The trial court also erred in offsetting the supersedeas bond with the $123,021.29 in attorneys' fees from the 2014 case. First, attorneys' fees are not damages. *See City Ctr.*, 237 Ariz. at 41–42 ¶ 13, 344 P.3d at 343–44; *Kresock v. Gordan*, 239 Ariz. 251, 253–54 ¶¶ 7–8, 370 P.3d 120, 122–23 (App. 2016). Second, A.R.S. § 12–2108 and Rule 7 limit the calculation of the supersedeas bond to the judgment at issue, not another judgment with its own supersedeas bond. The statute and rule expressly provide that if "a plaintiff in any civil action obtains a judgment . . . , the amount of the bond that is necessary to stay execution . . . of that judgment" shall be the lesser of the total amount of damages awarded, excluding punitive damages; 50% of appellant's net worth; or $25 million. A.R.S. § 12–2108(A); Ariz. R. Civ. App. P. 7(a)(4). The statute and rule do not provide that the supersedeas bond amount may be offset by a judgment in another case. Consequently, the total amount of damages awarded to AOR is the principal and interest due—$614,687.07.

¶18 Buteo counters that the trial court could reduce the supersedeas bond by the attorneys' fees from the 2014 case and the provisional remedy bond because "AOR retained possession of a large amount of cash that was awarded to [Buteo] by a valid judgment" in the 2014 case. Buteo explains that the "trial court was simply maintaining the status quo pending appeal, and was entitled to consider the possession of actual cash as an element of the security needed to accomplish this goal."

¶19        But the plain language of A.R.S. § 12–2108 and Rule 7 provides that the issue of a supersedeas bond is a creature of statute and rule and that the trial court may adjust the supersedeas bond amount in only two specific situations. *See City Ctr.*, 237 Ariz. at 41 ¶¶ 11–12, 344 P.3d at 343. That is, after the court compares the presumed amounts in § 12–2108(A) and selects the smallest amount, the court may increase the supersedeas bond "up to the full amount of the judgment" if the appellee proves by clear and convincing evidence that the appellant is dissipating assets. A.R.S. § 12–2108(B); Ariz. R. Civ. App. P. 7(a)(5)(A). The court may also decrease the bond if the appellant proves by clear and convincing evidence that it would likely suffer substantial economic harm if required to post a bond in that amount. A.R.S. § 12–2108(C); Ariz. R. Civ. App. P. 7(a)(5)(B). Here, Buteo did not request a deviation from the presumed amounts and specifically never sought to reduce the bond amount based on economic hardship. Accordingly, the trial court made none of the findings necessary to permit an upward or downward deviation.

¶20        To further support its argument, Buteo relies on *Wells Fargo Bank N.A. v. Rogers*, 239 Ariz. 106, 366 P.3d 583 (App. 2016), which addresses situations in which trial courts impose protective conditions to preserve the status quo or the effectiveness of a judgment pending appeal when the judgment has been stayed. Rule 7 states that a trial court "may enter any further order, in lieu of or in addition to the bond, which may be appropriate to preserve the status quo or the effectiveness of the judgment." Ariz. R. Civ. App. P. 7(a)(2). "In a practical sense, what this means is [that] a superior court may ensure that, pending the appeal of the stayed judgment, the appellee will not lose the benefits of its judgment and thereby suffer real, not hypothetical or speculative, harm." *Wells Fargo*, 239 Ariz. at 110 ¶ 16, 366 P.3d at 587.

¶21        Here, the trial court did not "enter any further order, in lieu of or in addition to the bond," "to preserve the status quo or the effectiveness of the judgment." Ariz. R. Civ. App. P. 7(a)(2). Instead, what Buteo argues the court did was decrease the supersedeas bond by the alleged cash AOR possessed to preserve the status quo. But by taking this position, Buteo erroneously conflates the rules for setting the supersedeas bond pursuant to a statutory procedure with entering "any further order, in lieu of or in addition to the bond" to preserve the status quo. Setting the supersedeas bond is dictated by the three-step process provided in A.R.S. § 12–2108 and Rule 7, *see City Ctr.*, 237 Ariz. at 41 ¶¶ 10–12, 344 P.3d at 343, while imposing protective conditions is within the trial court's discretion, *see Wells Fargo*, 239 Ariz. at 110 ¶ 16, 366 P.3d at 587 ("In short, when a superior court stays its judgment pending appeal, it nevertheless is entitled

to take appropriate action to preserve the status quo or the effectiveness of its judgment."). Consequently, comparing the presumed amounts in A.R.S. § 12–2108(A) and Rule 7, the supersedeas bond should be set at the smallest value, $614,687.07, the total amount of damages awarded to AOR.

**¶22** AOR requests attorneys' fees and costs pursuant to A.R.S. § 12–341.01 and Arizona Rule of Procedure for Special Actions 4(g) upon compliance with Arizona Rule of Civil Appellate Procedure 21. In our discretion, we deny its request.

## CONCLUSION

**¶23** For the foregoing reasons, we accept jurisdiction, grant relief and vacate the trial court's order, and remand the matter for the court to set the supersedeas bond at $614,687.07, the total amount of damages awarded.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA