EPPICH, Judge:
¶ 1 The question presented in this special action is whether attorney fees awarded on claims for declaratory relief, violation of the open meeting laws, and slander of title under A.R.S. § 33-420(A), are damages for purposes of determining the amount of the supersedeas bond under A.R.S. § 12-2108 and Rule 7, Ariz. R. Civ. App. P. We accept jurisdiction because a party who wishes to challenge a trial court's order setting a supersedeas bond has "no equally plain, speedy and adequate remedy by appeal." City Ctr. Exec. Plaza, LLC v. Jantzen , 237 Ariz. 37, ¶ 2, 344 P.3d 339 (App. 2015), quoting Salt River Sand & Rock Co. v. Dunevant , 222 Ariz. 102, ¶ 7, 213 P.3d 251 (App. 2009) ; see also Ariz. R. P. Spec. Act. 1(a). Because the respondent judge erred when calculating the bond by including attorney fees he had awarded real parties in interest Rodney and Gloria Olson in their underlying action against petitioner Chula Vista Homeowners Association, he thereby abused his discretion and we grant relief. See Ariz. R. P. Spec. Act. 3(c).
Facts and Procedural Background
¶ 2 The Olsons own property in Cochise County that is situated within the geographic boundary known as Chula Vista and is subject to certain covenants, conditions and restrictions (CC&Rs). Petitioner Chula Vista Homeowners Association (the HOA) is a non-profit corporation, organized pursuant to the CC&Rs. In 2009, the Olsons obtained a permit *1230 to build a 6,000-square-foot steel structure on the property, which they intended to be ancillary to the residence they planned to build. At some point, the Olsons determined they were financially unable to build a primary residence on the property, and obtained a permit from Cochise County that allowed them to convert the structure into a family residence. In 2011, the HOA rejected the Olsons' request for approval of their plan to convert the structure into a residence, claiming it did not comport with the CC&Rs, but granted them a three-year variance, permitting them to live in the structure while they built a residence.
¶ 3 The Olsons did not build another home, and, in 2015, the HOA took the position they were in violation of the CC&Rs because the structure was "nontraditional" and was not a "First Class Private Dwelling" within the meaning of the CC&Rs as amended in 2007. The HOA recorded a Notice of Violation of Chula Vista Protective Covenants, which it removed shortly thereafter. It filed a second Notice about a month later, stating, as it had in the initial Notice, that the purpose of the recording was to adversely affect the Olsons' "ability to convey marketable title" to their property. The HOA also imposed fines for the violation and denied the Olsons' appeal of its decision.
¶ 4 In February 2016, the Olsons sued the HOA. In the first two counts, they sought declaratory relief, asking the court to determine that the 2007 amendment to the CC&Rs was invalid because it was not signed by a sufficient number of property owners, and that the relevant section was vague, ambiguous, and unenforceable. Alleging the CC&Rs are a contract, the Olsons requested attorney fees and costs pursuant to A.R.S. §§ 12-341.01 and 12-341. In count three of their complaint, the Olsons claimed the HOA had violated the open meeting laws under A.R.S. § 33-1804(A)(5), and requested an award of costs under § 12-341. In the final count they alleged a claim of slander of title under § 33-420(A), seeking damages pursuant to § 33-420(A), the greater of $5,000 for each plaintiff or actual damages caused by the slander of title, and attorney fees and costs pursuant to § 33-420(A), §§ 12-341.01 and 12-341.
¶ 5 After a trial, the respondent judge entered Findings of Facts and Conclusions of Law and Amended Judgment, ruling in favor of the Olsons on all counts.[1] He found the HOA had violated the open meeting laws, slandered the Olsons' title and was "liable to Plaintiffs for damages caused by the recording, and attorney's fees an[d] costs incurred," adding that the action arose out of contract because CC&Rs are a contract, and as the successful parties, the Olsons were entitled to attorney fees under § 12-341.01. The respondent directed the HOA to record a Notice of Removal of Violation of Protective Covenants to clear title to the Olsons' property and awarded them statutory damages in the amount of $5,000 pursuant to § 33-420(A). He also vacated the penalty the HOA previously had imposed and awarded the Olsons $318 in taxable costs and reasonable attorney fees in the amount of $35,000. The total amount of the judgment was $40,318.
¶ 6 The HOA filed a notice of appeal and a motion for supersedeas bond. It asserted in the motion that under Rule 7, Ariz. R. Civ. App. P., and § 12-2108, the amount of the bond had to be based on $5,318, "which is comprised of the damages awarded to the Plaintiffs in the form of a $5,000.00 statutory penalty pursuant to A.R.S. § 33-420(A) and court costs." Relying on City Center , 237 Ariz. 37, 344 P.3d 339, and AOR Direct L.L.C. v. Bustamante , 240 Ariz. 433, 380 P.3d 672 (App. 2016), the HOA argued the supersedeas bond should not include the amount of attorney fees awarded. However, the Olsons argued that the attorney fees were part of the damages in this case, relying on United States Fidelity & Guaranty Co. v. Frohmiller , 71 Ariz. 377, 227 P.2d 1007 (1951), Kresock v. Gordon , 239 Ariz. 251, 370 P.3d 120 (App. 2016), and Desert Mountain Properties Ltd. Partnership v. Liberty Mutual Fire Insurance Co. , 225 Ariz. 194, 236 P.3d 421 (App. 2010).
¶ 7 The respondent judge concluded that "the attorney's fees were incurred to protect *1231 the Plaintiff's interest based upon the breach of contract of the homeowner's association, and therefore are a legal consequence of the original wrongful act and are recoverable as damages." The respondent then set the bond in the amount of $40,318. This special action followed.
Discussion
¶ 8 Section 12-2108, and Rule 7, Ariz. R. Civ. App. P., provide that a party may file a supersedeas bond to stay enforcement of or execution on a judgment while an appeal is pending. The statute, like the portion of the rule that essentially mirrors it, provides that "the amount of the bond ... shall be set as the lesser of the following: (1) The total amount of damages awarded excluding punitive damages; (2) Fifty per cent of the appellant's net worth; [or] (3) Twenty-five million dollars." § 12-2108(A) ; see also Ariz. R. Civ. App. P. 7(a)(4).[2]
¶ 9 The HOA argues that although the attorney fees awarded to the Olsons are part of the judgment rendered against it, the fees are not damages for purposes of the statute and rule. They argue, "This case does not qualify as one of the small subset of exceptions in which attorneys' fees are considered damages." Whether damages include attorney fees in this case for purposes of the statute and rule is a question of law that we review de novo. See City Ctr. , 237 Ariz. 37, ¶ 8, 344 P.3d 339.
¶ 10 For purposes of the statute and the rule, "damages" and "judgment" are not synonymous. Id . ¶ 14. "Damages ... may be a part of a judgment, along with attorneys' fees and costs, but judgments are not damages themselves." Id . And subject to specific, limited exceptions, "damages" generally do not include attorney fees. Id . ¶ 13, citing Frohmiller , 71 Ariz. at 380, 227 P.2d 1007 (attorney fees are not damages for purposes of A.R.S. § 12-503 ), Assyia v. State Farm Mut. Auto. Ins. Co. , 229 Ariz. 216, ¶¶ 10, 13, 21-22, 273 P.3d 668 (App. 2012) (action by insured against insurer for failure to pay uninsured motorist benefits under policy arose out of contract and did not sound in tort; attorney fees awarded under § 12-341.01(A) for failure to pay policy benefits not damages caused by uninsured driver), and Proctor v. Parada , 145 Ariz. 203, 204, 700 P.2d 901, 902 (App. 1985) (attorney fees not damages in quo warranto action pursuant to A.R.S. § 12-2044 and may not be awarded in absence of statutory authority). The exceptions to this general rule include those situations in which the "attorneys' fees are a legal consequence of an original wrongful act," City Ctr. , 237 Ariz. 37, ¶ 13, 344 P.3d 339, often referred to as the "tort of another" principle, see State Bar of Arizona, Arizona Attorneys' Fees Manual § 7.3.1, at 7-2 (Bruce E. Myerson & Patricia K. Norris eds., 6th ed. Supp. 2017); see also Desert Mountain, 225 Ariz. 194, ¶ 61, 236 P.3d 421. The court in City Center stated the general rule also does not apply to "any of the other situations where attorneys' fees can be considered damages," referring to certain kinds of tort claims, such as wrongful repudiation of insurance coverage, or wrongful injunction, attachment, garnishment or execution. 237 Ariz. 37, ¶ 13, 344 P.3d 339 ; see also Frohmiller , 71 Ariz. at 379-80, 227 P.2d 1007 ; State Bar of Arizona, supra , § 7.3.4, at 7-8.
¶ 11 Thus, in City Center , this court granted special-action relief to petitioners, where the trial judge had included attorney fees in determining the amount of the supersedeas bond on judgments obtained against them by individuals who opposed City Center's redevelopment of a golf course near their homes and sought injunctive relief and damages. 237 Ariz. 37, ¶¶ 1-7, 344 P.3d 339. This court saw "no reason to diverge from the general rule" that attorney fees are not damages, finding none of the exceptions applied. Id . ¶ 13. We specified that the attorney fees were not incurred as a legal consequence of an original wrongful act or any other situation in which fees can be regarded as damages, as in Desert Mountain , 225 Ariz. 194, ¶ 61, 236 P.3d 421. City Ctr. , 237 Ariz. 37, ¶ 13, 344 P.3d 339.
*1232 ¶ 12 Desert Mountain is essentially a "tort of another" case. See State Bar of Arizona, supra , § 7.3.1, at 7-2. Although the case did not arise in the context of a supersedeas bond, it is instructive on the question of when attorney fees are damages. Moreover, it appears the respondent judge followed Desert Mountain here.
¶ 13 In Desert Mountain , this court rejected the argument made by Liberty Mutual, the insurer for developer Desert Mountain, that the judgment obtained against it for breach of contract erroneously included as damages the attorney fees Desert Mountain had incurred in connection with litigation against a third party. 225 Ariz. 194, ¶¶ 58-66, 236 P.3d 421. Desert Mountain had contracted with Weitz Company to build homes, which were defective and required repairs. Id . ¶¶ 1-6. Desert Mountain notified Liberty Mutual of its claim, and sued after the carrier refused to accept coverage. Id . ¶¶ 4-7. Desert Mountain also sued Weitz because the limitations period was about to lapse on its claims against Weitz. Id . ¶ 6.
¶ 14 Affirming the judgment, this court observed that, "[g]enerally ..., when one party's breach of contract places the other in a situation that 'makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages.' " Id . ¶ 61, quoting Fairway Builders, Inc. v. Malouf Towers Rental Co. , 124 Ariz. 242, 258, 603 P.2d 513, 529 (App. 1979). Significantly, the fees that were regarded as damages were those incurred in the third-party litigation, not the litigation between Desert Mountain and Liberty Mutual. Id . ¶¶ 58-66 ; see also Wichita v. Pima County , 131 Ariz. 576, 643 P.2d 21 (App. 1982) ; Fairway Builders , 124 Ariz. 242, 603 P.2d 513.
¶ 15 In AOR Direct , 240 Ariz. 433, ¶ 17, 380 P.3d 672, and Kresock , 239 Ariz. 251, ¶ 8, 370 P.3d 120, both of which involved determination of the amount of the supersedeas bond under § 12-2108 and Rule 7, this court relied on City Center and reiterated that attorney fees are not damages. Kresock expanded that concept to attorney fees imposed as a sanction under A.R.S. § 12-349, concluding they are not "damages awarded" for purposes of the statute or rule. 239 Ariz. 251, ¶ 1, 370 P.3d 120. As in City Center , we found the attorney fees not "a legal consequence of an original wrongful act or any of the other situations where attorneys' fees can be considered damages." Id. ¶ 8, quoting City Ctr. , 237 Ariz. 37, ¶ 13, 344 P.3d 339. We further found Desert Mountain distinguishable, as we do here. See id.
¶ 16 In the instant case, the attorney fees were not incurred in connection with third-party litigation as in Desert Mountain , but were the result of the underlying litigation between the two parties to this action. The language the respondent judge used in evaluating the motion on the supersedeas bond, however, suggests the respondent relied on Desert Mountain . Consequently, to the extent the respondent relied on that case, he erred as a matter of law and thereby abused his discretion. See City of Tucson v. Clear Channel Outdoor, Inc. , 218 Ariz. 172, ¶ 58, 181 P.3d 219 (App. 2008) (court abuses discretion if it commits error of law).
¶ 17 In addition, none of the other exceptions to the general rule that attorney fees are not damages applies here. The fees were awarded pursuant to statutes authorizing attorney fees, independent from what the Olsons were entitled to as damages. The respondent judge found, for example, that the HOA had violated the open meeting laws and slandered the Olsons' title, and was therefore "liable to Plaintiffs for damages caused by the recording, and attorney's fees an[d] costs incurred." With respect to the claim of slander of title, § 33-420(A) states:
A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.
*1233 By its plain language the statute provides for an award of damages, which is separate and distinct from the statutorily authorized attorney fees. The attorney fees the respondent awarded here were not part of the damage award of $5,000, but were a distinct part of the judgment, authorized by that statute.
¶ 18 The Olsons contend, as they did below, that the Notice of Violation and the resulting slander-of-title claim is "akin to a provisional remedy" and, like a claim for wrongful writ of attachment or injunction, is an exception to the general rule that attorney fees are not damages. See Coggins v. Wright , 22 Ariz. App. 217, 219, 526 P.2d 741 (1974). But the Olsons' claim was purely statutory. And as we noted above, § 33-420(A) contains express provisions for determining damages and separately authorizes the award of attorney fees. Based on the plain language of that statute, we therefore reject this argument. See Stauffer v. U.S. Bank Nat'l Ass'n , 233 Ariz. 22, ¶ 10, 308 P.3d 1173 (App. 2013) (finding language in § 33-420(A)"unambiguous" and therefore applying plain meaning without statutory interpretation).
¶ 19 Similarly, the respondent judge found the action arose out of contract because CC&Rs are a contract, see Tucson Estates Prop. Owners Ass'n v. McGovern , 239 Ariz. 52, ¶ 9, 366 P.3d 111 (App. 2016), and that § 12-341.01 therefore permitted him to award the Olsons' their attorney fees. But the fact that the statute permitted the award does not make them damages as the Olsons suggest. They assert, too, that the respondent correctly found they had incurred the fees to protect their interest due to the HOA's breach of the contract. But even assuming attorney fees can be damages in certain circumstances resulting from a breach of contract, the Olsons did not bring a breach-of-contract claim.
¶ 20 Moreover, the Olsons' assertion suggests that like the respondent judge, they are impliedly relying on Desert Mountain , which, as we have found, is inapposite. And as previously pointed out, the fees awarded here were incurred in connection with this action, based on the claims alleged and on which the Olsons prevailed. There was no third-party litigation and none of the claims constitutes an exception to the general rule that attorney fees are not damages. The judgment itself distinguishes between the damages awarded under § 33-420(A) and the attorney fees awarded under that statute and § 12-341.01. Although authorized under the latter statute and part of the judgment, the attorney fees were not awarded as damages for any of the Olsons' claims.
Disposition
¶ 21 We conclude the respondent judge erred by including the attorney fees he awarded the Olsons in the supersedeas bond under § 12-2108 and Rule 7, Ariz. R. Civ. App. P. We therefore vacate the respondent's order setting the bond and direct him to enter an order consistent with this decision.

Although the Olsons prevailed on all claims, the respondent judge ordered them to complete certain upgrades on their residence within twelve months, presumably pursuant to the HOA's counterclaim.

Although not relevant here, the rule and the statute permit the trial court to increase this presumptive amount if the appellant is dissipating assets to avoid paying the judgment or lower it if requiring the appellant to pay that amount will cause the appellant substantial economic harm. § 12-2108(B), (C) ; Ariz. R. Civ. App. P. 7(a)(5).