EPPICH, Judge:
¶ 1 The petitioners[1] seek special-action review of the respondent judge's determination that he lacks authority to permit a property bond to stay a judgment pending appeal pursuant to A.R.S. § 12-2108 and Rule 7, ARCAP, and that any appeal bond must be a cash bond. Because the petitioners have no remedy by appeal and the issue is of statewide importance, we accept special-action jurisdiction. See Pinal County v. Fuller , 798 Ariz. Adv. Rep. 31, ¶ 5, 245 Ariz. 337, ¶ 5, 429 P.3d 570 (Ct. App.2018) (special-action jurisdiction appropriate to address issues of statewide importance); Chula Vista Homeowners Ass'n v. Irwin , 796 Ariz. Adv. Rep. 49, ¶ 1, 245 Ariz. 249, ¶ 1, 426 P.3d 1228 (Ct. App.2018) (special-action jurisdiction appropriate when petitioner has no remedy by appeal); see also Ariz. R. P. Spec. Act. 1(a). Because the respondent erred as a matter of law, we grant relief. See Ariz. R. P. Spec. Act. 3(c) ; Kohler v. Kohler , 211 Ariz. 106, ¶ 2, 118 P.3d 621 (App. 2005) (abuse of discretion includes an error of law).
¶ 2 In August 2017, the respondent judge entered judgment against the petitioners in the underlying action and in favor of U.S. Bank National Association, the real party in interest. Several of the petitioners moved for determination of an appeal bond pursuant to Rule 7(a), ARCAP. In that motion, petitioners Starr Pass Master Home Owners Association and Starr Pass Redevelopments, LLC, requested leave to post a property bond in lieu of a cash bond. U.S. Bank objected, arguing in part that property bonds were no longer permitted after the legislature enacted § 12-2108 in 2011 and our supreme court modified Rule 7 in response. In a May 2018 under-advisement ruling, the respondent agreed with U.S. Bank that, due to the "enactment of A.R.S. § 12-2108 and the amendment of Rule 7 of the Arizona Rules of Appellate Procedure, this Court ... no longer has the discretion to allow Defendants to post a property bond in the form requested. A cash bond will be required." This petition for special-action relief followed.[2]
*211 ¶ 3 Our legislature enacted § 12-2108 in 2011. 2011 Ariz. Sess. Laws, ch. 99, § 3. Effective January 2012, the supreme court amended Rule 7(a)(2) to mirror § 12-2108. Ariz. Sup. Ct. Order R-11-0019 (Dec. 13, 2011). The issue presented in this special action is whether, in light of these changes, a trial court may allow a party to post a property bond, instead of or in addition to a cash bond, to stay a judgment while an appeal is pending. The interpretation of statutes and court rules is a legal question we review de novo. Bobrow v. Herrod , 239 Ariz. 180, ¶ 7, 367 P.3d 84 (App. 2016). We look to the plain language of the statute or rule as the best indicator of the drafters' intent. Id.
Discussion
¶ 4 Before the legislature enacted § 12-2108 and the supreme court amended Rule 7, this court concluded a trial court could permit an appellant to post a property bond instead of a cash bond to stay a judgment pending appeal. Salt River Sand & Rock Co. v. Dunevant , 222 Ariz. 102, ¶¶ 4, 8, 213 P.3d 251 (App. 2009). We relied on the language in the former version of Rule 7(a)(2) that permitted a trial court to "fix[ ] a different amount" for the bond or order additional or alternative security or conditions, to conclude a trial court may reduce the amount of the bond and allow alternate security. Id . ¶ 8. This court thus determined the trial court could evaluate whether it was appropriate to lower the bond amount and allow the appellant to pledge real property to satisfy that reduced amount. Id. ¶¶ 4, 8.
¶ 5 Section 12-2108(A) states that "the amount of the bond that is necessary to stay execution during the course of all appeals" of a judgment in a civil action "shall be set as the lesser of" three calculations: the total damages excluding punitive damages, half the appellant's net worth, or twenty-five million dollars. The statute further gives the court authority to increase the bond to "an amount up to the full amount of the judgment" if there is "clear and convincing evidence that an appellant is intentionally dissipating assets outside the ordinary course of business to avoid payment of a judgment." § 12-2108(B). Alternatively, a court may reduce a bond amount upon clear and convincing evidence "that the appellant is likely to suffer substantial economic harm if required to post bond in an amount required under subsection A." § 12-2108(C).
¶ 6 Before the 2012 amendment, Rule 7(a)(2) stated:
The bond shall be conditioned for the satisfaction in full of the judgment remaining unsatisfied, together with costs, interest, and any damages reasonably anticipated to flow from the granting of the stay including damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and costs, interest, and damages as the appellate court may adjudge and award.
Ariz. Sup. Ct. Order R-11-0019 (Dec. 13, 2011). The subsection also stated the court could, after notice and hearing, "fix[ ] a different amount or order[ ] security or impose[ ] conditions other than or in addition to the bond." Id.
¶ 7 The amended Rule 7 did not include the language allowing a trial court to alter the amount of the bond. However, the modified rule, in subsection (a)(1), retained language giving a court authority to "make any further order, other than or in addition to the bond, appropriate to preserve the status quo or the effectiveness of the judgment." Ariz. Sup. Ct. Order R-11-0019 (Dec. 13, 2011). As part of comprehensive ARCAP changes effective in January 2015,[3] that language was *212 amended and moved to subsection (a)(2); the provision now states a court "may enter any further order, in lieu of or in addition to the bond, which may be appropriate to preserve the status quo or the effectiveness of the judgment." Ariz. Sup. Ct. Order R-14-0017 (Sept. 2, 2014).
¶ 8 The 2012 amendments to Rule 7 also empower a trial court, "[i]n determining the amount of the bond," to "consider whether there is other security for the judgment, or whether there is property in controversy which is in the custody of the sheriff or the court." Ariz. Sup. Ct. Order R-11-0019 (Dec. 13, 2011). The 2015 changes moved that language to the "[e]xceptions" section of Rule 7 ; the language now appears in Rule 7(a)(5)(C), accompanying the two exceptions described in § 12-2108(B) and (C). Ariz. Sup. Ct. Order R-14-0017 (Sept. 2, 2014).
¶ 9 The language this court relied on in Salt River Sand & Rock Co. was deleted in the 2012 amendment, and U.S. Bank thus posits, as it did below, that non-cash bonds are no longer permitted. Cf. Grubaugh v. Blomo , 238 Ariz. 264, ¶ 9, 359 P.3d 1008 (App. 2015) ("When the legislature alters the language of an existing statute, we generally presume it intended to change the existing law."); see also State v. Aguilar , 209 Ariz. 40, ¶ 23, 97 P.3d 865 (2004) ("We interpret court rules according to the principles of statutory construction."); but see State ex rel. Bean v. Hardy , 110 Ariz. 351, 353, 519 P.2d 50, 52 (1974) ("The change in language is presumed to be a change in form only unless it is clearly shown that the Legislature intended to change the meaning of the law.").
¶ 10 Accepting U.S. Bank's argument would require us to ignore other provisions of Rule 7, which we may not do. See Bolding v. Hantman , 214 Ariz. 96, ¶ 6, 148 P.3d 1169 (App. 2006) (court must consider entire rule in construing supreme court's intent). As noted above, the supreme court retained language in Rule 7 allowing trial courts to "enter any further order, in lieu of or in addition to the bond, which may be appropriate to preserve the status quo or the effectiveness of the judgment." ARCAP 7(a)(2). Allowing a property bond instead of a cash bond would plainly be an order "in lieu of ... the bond" intended to preserve the status quo. Id. Additionally, Rule 7(a)(5)(C), allows the court to consider any other security for the judgment when determining the amount of the bond, which necessarily permits consideration of non-cash bonds.
¶ 11 U.S. Bank asserts the language in Rule 7(a)(2)"merely affords the trial court the freedom to issue additional orders that preserve the status quo." It cites AOR Direct, L.L.C. v. Bustamante , 240 Ariz. 433, 380 P.3d 672 (App. 2016), claiming this court rejected the notion that the language at issue gives the court "discretion to accept alternative security." But U.S. Bank has misinterpreted the reasoning in AOR Direct . There, the trial court entered a judgment against AOR Direct in favor of the real parties in interest for attorney fees, taxable costs, and sanctions. Id. ¶ 8. Because attorney fees are not damages for the purpose of setting the amount of the appeal bond, the court set the bond in that case to $1.00. Id. ¶ 9. However, in a separate action in which AOR Direct obtained a judgment against the real parties in interest, the court reduced the appeal bond in that case by the amount of attorney fees owed by AOR Direct and by the amount of a provisional remedy bond previously released to AOR Direct. Id. ¶¶ 10-11.
¶ 12 On special-action review, this court granted relief. Id. ¶ 23. We determined the trial court had not considered the provisional remedy bond as "other security" under Rule 7(a)(5)(C), but instead had merely "set the supersedeas bond ... by first determining the full amount of damages awarded and then subtracting the provisional remedy bond" and, moreover, the provisional bond was not security for that judgment but instead had been properly applied against the previous attorney fee judgment. Id. ¶¶ 15-16. We further determined that reduction of the bond amount based on the attorney fee judgment *213 was improper because Rule 7 is limited to "the judgment at issue," not the judgment in another case, in addition to the fact that attorney fees are not damages. Id. ¶ 17.
¶ 13 This court rejected the argument by the real parties in interest that the trial court was permitted to reduce the amount of the appeal bond under Rule 7(a)(2). Id. ¶¶ 20-21. We reasoned that allowing such a reduction would "conflate[ ] the rules for setting the supersedeas bond pursuant to" § 12-2108 and Rule 7, and we noted that "[s]etting the supersedeas bond is dictated by the three-step process provided in A.R.S. § 12-2108 and Rule 7." Id. ¶ 21. This reasoning is entirely consistent with allowing property bonds as appeal bonds. We specifically noted that a trial court may consider alternate security under Rule 7(a)(5)(C) in setting the bond amount and make orders in lieu of the bond under Rule 7(a)(2).[4] Id. ¶¶ 15, 21. If a trial court may enter orders instead of a bond, it necessarily follows the court is not required to order a bond if the status quo can otherwise be adequately protected. Thus, our reasoning in AOR Direct merely precludes reducing the bond amount without complying with § 12-2108(C) and Rule 7(a)(5)(A) or (B). It does not preclude alternatives to cash bonds.
¶ 14 U.S. Bank's reliance on City Center Executive Plaza, LLC v. Jantzen , 237 Ariz. 37, 344 P.3d 339 (App. 2015), is also misplaced. U.S. Bank asserts that case demonstrates that only cash bonds are permitted under the current version of Rule 7 because the court's "analysis focused solely on the monetary amount of the supersedeas bond." That is hardly surprising, given that the issue in the case was whether attorney fees were considered "damages" under Rule 7 and § 12-2108. Id. ¶¶ 8, 13. The court did not address Rule 7(a)(2) or (a)(5)(C). U.S. Bank also suggests that Rule 7(a)(5)(C) does not apply because the property offered as bond "is not ... the subject of the Judgment." This argument is unavailing, since it would seem reasonable that a bond based on property independent of the judgment could be adequate security for that judgment.
¶ 15 We must also determine whether Rule 7(a)(2) and (a)(5)(C) conflict with § 12-2108. As our supreme court has observed, "[a]lthough 'the legislature and this Court both have rulemaking power, ... in the event of irreconcilable conflict between a procedural statute and a rule, the rule prevails.' " State ex rel. Brnovich v. City of Tucson , 242 Ariz. 588, ¶ 27, 399 P.3d 663 (2017) (quoting Seisinger v. Siebel , 220 Ariz. 85, ¶ 8, 203 P.3d 483 (2009) ). If the conflicting statute is substantive, however, the statute controls. Id. But we need not resolve that question if it is possible to harmonize § 12-2108 and Rule 7, and, in doing so, we consider the purpose of the statute and rule in question. See Phillips v. Garcia , 237 Ariz. 407, ¶¶ 15-16, 351 P.3d 1105 (App. 2015).
¶ 16 Section 12-2108 provides the method for calculating "the amount of the bond ... necessary to stay execution during the course of all appeals." But nothing in the statute expressly precludes the use of non-monetary methods to protect a judgment and thus the statute does not conflict with Rule 7(a)(2). Nor does § 12-2108 require that the "amount of the bond" must be secured solely by cash. It therefore does not conflict with Rule 7(a)(5)(C).
¶ 17 Any ambiguity as to whether § 12-2108 merely sets the procedure for calculating the amount of a bond or whether it requires the use of a cash bond in all cases is resolved by the legislature's findings and purpose in enacting § 12-2108. The legislature expressed its concern that the bond calculation method in former Rule 7 resulted in bonds that were "overly large" that "infring[ed] on the due process rights of appellants" because some appellants were simply unable to post a bond. 2011 Ariz. Sess. Laws, ch. 99, § 16. If the legislature's concern was that appeal bonds had grown too onerous, we would only exacerbate that concern by reading § 12-2108 to require a cash bond when equally protective and less burdensome *214 methods (such as a property bond or other order) are available to preserve the judgment. Instead, based on our legislature's unambiguous expression of the statute's purpose, we agree with the petitioners that the statute is intended to cap appeal bonds, not restrict a trial court's discretion under Rule 7 to order alternatives to appeal bonds secured by cash.
Disposition
¶ 18 We accept special-action jurisdiction and grant relief. We vacate the respondent's under-advisement ruling in which he concluded that only cash bonds are permitted under § 12-2108 and Rule 7.

Starr Pass Resort Developments, LLC, Starpass Master Home Owners Association, Starr Pass Residential, LLC, Title Security Agency of Arizona, and Starr Pass Redevelopment, LLC.

U.S. Bank argues we should not accept special-action jurisdiction because only two of the petitioners requested that a bond amount be set, the respondent judge has only set a bond amount for one of the petitioners, and, in any event, the petitioner is able to post the required cash bond. But, two petitioners requested non-cash bonds and as we discuss below, by concluding he lacked the discretion to even consider such bonds, the respondent erred as a matter of law. His decision may affect future bond determinations in this case. And, as we noted above, whether courts may allow non-cash bonds is a matter of statewide importance. Accordingly, our exercise of special-action jurisdiction is appropriate.

Our supreme court has again amended Rule 7, effective January 1, 2019. Ariz. Sup. Ct. Order R-18-0017 (Aug. 28, 2018). Although we interpret the version of Rule 7 currently in effect, we note that the revisions to Rule 7 are entirely consistent with our conclusion that a trial court retains discretion to permit a property bond. Indeed, the amended rule expressly permits a trial court to allow "other types of security" in lieu of a cash bond. Ariz. Sup. Ct. Order R-18-0017 (Aug. 28, 2018).

In AOR Direct , we stated a "trial court may adjust the supersedeas bond amount in only two specific situations," that is, under § 12-2108(B) and (C) and the parallel provisions in Rule 7(a)(5)(A) and (B). Id. ¶ 19. That statement, read in isolation, seems to ignore Rule 7(a)(5)(C), which allows the court to consider the existence of other security in setting the bond amount. However, in another paragraph, we recognized the bond can be reduced under that provision. Id. ¶ 15.